CV6-601 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00601-CV







Imelda Martinez, Appellant



v.



Rodney Bouffard and Karen Chadwell, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 96-03270, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM


 Imelda Martinez appeals from the trial-court judgment dismissing her cause based on her
failure to state a cause of action in her employment dispute with appellees. We will affirm the trial-court
judgment.

Background


 The Texas Workers' Compensation Insurance Fund (the Fund) hired appellant as an
employee-at-will. Appellant eventually became vice-president of fraud investigations, reporting to Rodney
Bouffard and Karen Chadwell as her supervisors. In March 1994 Bouffard and Chadwell fired appellant. 
In March 1996, appellant sued Bouffard and Chadwell, alleging causes of action for tortious interference
with appellant's business relations with the Fund and for tortious interference with her prospective business
relations with the Fund. In response to special exceptions, appellant abandoned the latter claim and
proceeded only on the claim that appellees tortiously interfered with her business relations with the Fund
by firing her. She alleged that appellees, as agents of the Fund, had authority to fire her, but acted out of
malice.

 Appellees then lodged amended special exceptions based on appellant's continued failure
to state a cause of action. After a hearing, the trial-court sustained the special exceptions, struck appellant's
pleading, and gave her thirty days to amend. On appellant's filing an amended pleading stating the same
claim, the court dismissed the cause with prejudice.

Employment at Will


 The employment-at-will doctrine provides that an employer can fire an employee at any
time with or without cause. See, e.g., Winters v. Houston Chronicle Publishing Co., 795 S.W.2d 723,
723 (Tex. 1990); East Line & R.R.R. Co. v. Scott, 10 S.W. 99, 102 (1888). With a few narrow
exceptions that do not apply in this cause, the decision maker's motivation in the discharge is irrelevant. 
Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). Thus, the doctrine effectively bars
contract and tort claims based only on the discharge decision. Jones v. Legal Copy, Inc., 846 S.W.2d
922, 925 (Tex. App.--Houston [1st Dist.] 1993, no writ).

 In general, a party cannot interfere with his or her own contract, nor can an agent tortiously
interfere with its principal's contract. John Masek Corp. v. Davis, 848 S.W.2d 170, 175 (Tex.
App.--Houston [1st Dist.] 1992, writ denied); Schoellkopf v. Pledger, 778 S.W.2d 897, 902 (Tex.
App.--Dallas 1989, writ denied). This principle would mean that appellees, as agents of the Fund, could
not interfere with appellant's "contract" with the Fund. Appellant relies on several authorities that are
distinguishable because none involves an at-will employee attempting to sue a supervisor based only on that
supervisor's termination decision. (1)

 Holloway v. Skinner, 898 S.W.2d 793, 796 (Tex. 1994) held that a corporate agent
could tortiously interfere with that corporation's contract but only in circumstances in which the plaintiff
shows that the agent committed wilful and intentional acts that served the agent's interest at the expense of
the corporation. Holloway did not involve a supervisor firing an employee at will and ultimately rejected
the tortious interference claim based on the facts. Similarly, John Masek Corp., 848 S.W.2d at 175,
involved a partnership agreement and allegations of breach of fiduciary duty and Eloise Bauer & Assoc.,
Inc. v. Electronic Realty Assoc., Inc. 621 S.W.2d 200, 203 (Tex. App.--Texarkana 1981, writ ref'd
n.r.e.), dealt with questions concerning a licensee's performance under a real estate franchise contract. 
Neither involved an employment-at-will situation.

 Similar attempts to bring a tortious interference with contract or business relations claim
based only a supervisor's termination of an at-will employee have been rejected. See Hussong v.
Schwan's Sales Enters., Inc., 896 S.W.2d 320, 327 (Tex. App.--Houston [1st Dist.] 1995, no writ)
(rejecting claim based on allegations that supervisor acted out of malice or own interest; refusing to examine
supervisor's motive); Jones, 846 S.W.2d at 925 (refusing to examine supervisor's motive for firing at-will
employee when allegations of bad-faith discharge made).

 We decline to extend the tortious interference with contract or business relations cause of
action to encompass the firing of an at-will employee under these circumstances. We affirm the trial-court
judgment of dismissal.

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 10, 1997

Do Not Publish

1. [1] Appellees note that the employment-at-will doctrine would not bar all claims arising out of the
termination. For example, a defamation claim would not be barred.


re to state a cause of action in her employment dispute with appellees. We will affirm the trial-court
judgment.

Background


 The Texas Workers' Compensation Insurance Fund (the Fund) hired appellant as an
employee-at-will. Appellant eventually became vice-president of fraud investigations, reporting to Rodney
Bouffard and Karen Chadwell as her supervisors. In March 1994 Bouffard and Chadwell fired appellant. 
In March 1996, appellant sued Bouffard and Chadwell, alleging causes of action for tortious interference
with appellant's business relations with the Fund and for tortious interference with her prospective business
relations with the Fund. In response to special exceptions, appellant abandoned the latter claim and
proceeded only on the claim that appellees tortiously interfered with her business relations with the Fund
by firing her. She alleged that appellees, as agents of the Fund, had authority to fire her, but acted out of
malice.

 Appellees then lodged amended special exceptions based on appellant's continued failure
to state a cause of action. After a hearing, the trial-court sustained the special exceptions, struck appellant's
pleading, and gave her thirty days to amend. On appellant's filing an amended pleading stating the same
claim, the court dismissed the cause with prejudice.

Employment at Will


 The employment-at-will doctrine provides that an employer can fire an employee at any
time with or without cause. See, e.g., Winters v. Houston Chronicle Publishing Co., 795 S.W.2d 723,
723 (Tex. 1990); East Line & R.R.R. Co. v. Scott, 10 S.W. 99, 102 (1888). With a few narrow
exceptions that do not apply in this cause, the decision maker's motivation in the discharge is irrelevant. 
Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985). Thus, the doctrine effectively bars
contract and tort claims based only on the discharge decision. Jones v. Legal Copy, Inc., 846 S.W.2d
922, 925 (Tex. App.--Houston [1st Dist.] 1993, no writ).

 In general, a party cannot interfere with his or her own contract, nor can an agent tortiously
interfere with its principal's contract. John Masek Corp. v. Davis, 848 S.W.2d 170, 175 (Tex.
App.--Houston [1st Dist.] 1992, writ denied); Schoellkopf v. Pledger, 778 S.W.2d 897, 902 (Tex.
App.--Dallas 1989, writ denied). This principle would mean that appellees, as agents of the Fund, could
not interfere with appellant's "contract" with the Fund. Appellant relies on several authorities that are
distinguishable because none involves an at-will employee attempting to sue a supervisor based only on that
supervisor's termination decision. (1)

 Holloway v. Skinner, 898 S.W.2d 793, 796 (Tex. 1994) held that a corporate agent
could tortiously interfere with that corporation's contract but only in circumstances in which the plaintiff
shows that the agent committed wilful and intentional acts that served the agent's interest at the expense of
the corporation. Holloway did not involve a supervisor firing an employee at will and