Claude SUTHERLAND, Appellant,

v.

ILLINOIS EMPLOYERS INSURANCE COMPANY OF WAUSAU, Appellee.

No. A14–83–148–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1985.

Rehearing Denied Aug. 22, 1985.

Michael A. Moriarty, of Moriarty & Madigan, James S. Wallis, Jr., of Moriarty & Madigan, Houston, for appellant.

Michael Phillips, of Michael Phillips, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Claude Sutherland filed a workers' compensation lawsuit after he fell and injured his neck and back in a work-related accident. The sole issue raised by his appeal is whether the trial court abused its discretion by failing to instruct the jury that the term "disability" includes disability resulting from medical treatment instituted to cure or relieve appellant from the effects of his injury. Considering the record as a whole, we find that the trial court erred in failing to include this instruction in the jury charge. We accordingly reverse the judgment and remand the cause.

The original accident which brought about this workers' compensation claim occurred on June 17, 1978. Appellant was loading a bread truck and was injured when he slipped between the bread truck and the loading dock. As a result of this fall, he experienced pain in his neck, shoulder and back. He received physical therapy treatment for these complaints. By December, the pain became so severe that he was hospitalized for one week to receive more intensive therapy. This additional therapy was ineffective in alleviating his pain.

Consequently, on February 4, 1979, appellant was admitted to a local hospital for a diagnostic myelogram procedure. This procedure, however, was interrupted by appellant's accidental fall from the examining table to which he was insecurely strapped. After injecting the myelographic dye into appellant's spinal column, the medical staff began to rotate the table, so that the dye would drain from the point of injection toward the injury site in his neck. At this point, because of the insecure straps, appellant fell from the examining table to the floor. The procedure was necessarily halted, and appellant had to be hospitalized again for two weeks to treat the traumatic after-effects of the fall.

Following his release from the hospital, appellant again suffered severe back pain. He was readmitted the following month for another myelogram test. This one proved successful, and the results indicated that lumbar disc surgery was necessary. Surgery was performed and appellant appeared to have a speedy and successful recovery. However, in June, 1979, he experienced a spasm in his back and fell while trying to enter his car, again delaying his search for gainful employment.

Appellant thereafter filed a claim with and obtained an award from the Industrial Accident Board. Dissatisfied with the Board's award, he appealed to the district court seeking full benefits for incapacity and disability. Following presentation of all evidence at the district court trial, appellant requested that the following instruction be included in the court's charge to the jury:

In conjunction with/or regarding disability in this charge, you are instructed that the term "disability" includes disability resulting from medical treatment instituted to cure or relieve an employee from the effects of his injury.

The trial judge refused this instruction, stating that to submit it would constitute a prejudicial comment on the weight of the evidence. Appellant now urges that the court's refusal amounted to reversible error.

■ In order to rule upon appellant's point, we must examine three areas of Texas law. First, workers' compensation law clearly provides that disability resulting from medical treatment instituted to cure or relieve the employee from the effects of the injury is properly compensable. *Western Casualty and Surety Co. v. Gonzales,* 518 S.W.2d 524, 526 (Tex.1975). Consequently, appellant was entitled to compensation for any disability which resulted from medical treatment of the original injury as might be found by the jury.

■ The second area we must examine is whether an instruction explaining this theory was "proper" to enable the jury to render its verdict. Tex.R.Civ.P. 277. An instruction is proper if (1) it finds support in any evidence of probative value or the reasonable inferences that may be drawn therefrom, and (2) if it might be of some aid or assistance to the jury. *Mejia v. Liberty Mutual Insurance Co.,* 544 S.W.2d 690, 691 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

■ In the case before us, appellant testified that he had no back problems prior to his mishap with the bread truck. After the accident, he consistently experienced back pains, which pains prompted his doctors to request the ill-fated myelogram. This myelogram, with the attendant fall, resulted in further complications, and the surgery followed. Appellant has therefore demonstrated that the requested instruction clearly contained probative support in the evidence. Furthermore, such an instruction would have aided the jury in its deliberations. It would have provided the jury with a complete definition of the compensable injury or injuries and thereby left nothing to chance or speculation in that regard. We hold that the requested instruction was proper under the Rules of Civil Procedure.

Our inquiry cannot stop here, however. Rather, we must examine the requested instruction in light of the well-settled rule that the trial court has considerable discretion in deciding what instructions, if any, are proper. *See Mobil Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1974). The decisive issue is whether the failure to so instruct the jury was reasonably calculated to and probably did cause rendition of an improper verdict. *See Minchen v. Rogers,* 596 S.W.2d 179, 183 (Tex.Civ.App.—Houston [1st. Dist.] 1980, no writ).

The record in our case indicates that appellant's subsequent medical treatments were unquestionably key factors in determining the extent of his disability. More importantly, the jury's answers to the special issues which were submitted reflect that the jury was not altogether mindful of the painful effect of these treatments. The jury awarded appellant total incapacity from June 17, 1978, to May 1, 1979, and partial incapacity from May 2, 1979, until February 1, 1980. These dates evidence no consideration of the fall from the myelographic table, and the court's failure to submit this instruction therefore probably did cause the rendition of an improper verdict.

■ Appellee suggests two theories under which the court's refusal would not constitute reversible error. First, it argues that the trial court correctly excluded the instruction as a comment on the weight

142

of the evidence. *See* Tex.R.Civ.P. 277. We do not agree. While rule 277 forbids a trial court from directly commenting on the weight of the evidence in its charge, it is not objectionable that the charge may incidentally make such a comment. *See Briseno v. Martin,* 561 S.W.2d 794, 796–97 (Tex.1977). Rather, the instruction is rendered an impermissible comment when it indicates the judge's opinion concerning the matter. *See Texas Employers' Insurance Association v. Percell,* 594 S.W.2d 182 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). Such is not the case here because appellant would be legally entitled to compensation for any aggravation of his original injury caused by the attempted medical treatment. Often a thin line exists between what is essential to the jury's deliberations and that which would give prejudicial emphasis to one of many theories of recovery. The issue remains "essential" when, as here, the separate aggravating factor is specifically compensable under the law. Furthermore, the requested instruction would merely apprise the jury that this factor could be legally considered, not that any aggravation actually occurred. As such, the instruction did not improperly suggest any opinion that could be construed as a prejudicial comment on the weight of the evidence.

Appellee also urges that omitting the instruction was harmless error. It argues that since the jury found appellant suffered partial incapacity extending beyond one year from the accidental fall, the jury must have incorporated the effect of the fall into its findings. We cannot realistically make this assumption. As mentioned earlier, there is no clear correlation between the fall and the jury's award. Consequently, the trial court's failure to provide a complete definition of the compensable injury or injuries probably resulted in an improper verdict. In any event, we find it essential to furnish the jury with all the necessary instructional tools to responsibly carry out its duties. This is particularly true in the technically complicated area of workers' compensation litigation. This was not done here, and accordingly, appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause remanded.