**Celia GODINET, as Executrix of the Estate of Georgina Valdez, Appellant,**

**v.**

**Georgia THOMAS, M.D., Individually and in Her Official Capacity, Appellee.**

**No. A14–90–01153–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 19, 1991.

Rehearing Denied March 12, 1992.

James W. Hill, Austin, Brian Hunt, Longview, for appellant.

Joseph B. Simmons, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of appellee, Georgia Thomas, M.D. Appellant, Celia Godinet filed suit as the executrix of the estate of Georgina Valdez (Valdez) alleging 42 U.S.C. §§ 1983, 1988 violations, negligence and gross negligence by Dr. Thomas, and other defendants. After severance of the other defen-

dant's, the trial court granted Dr. Thomas' motion of summary judgment based on a finding of no actionable deprivation of constitutional rights, and the provisions of TEX.REV.CIV.STAT.ANN. art. 8309d (Vernon 1986). We affirm.

Valdez was employed by M.D. Anderson Hospital for Cancer Research (M.D. Anderson). On April 21, 1988, she was accidentally punctured by a contaminated needle while drawing blood from a patient. The needle was contaminated with Hepatitis B. Dr. Thomas was also employed by M.D. Anderson and her duties included treating fellow employees for on-the-job injuries. Dr. Thomas treated Valdez from the date of her injury until August 1988. During the course of this care, appellant was diagnosed as having Hepatitis A. On August 31, 1988, Valdez's condition got significantly worse. She was rushed to Humana Hospital–Southmore where she was diagnosed as having Hepatitis B. A recommendation was made to transfer Valdez to another hospital with facilities better equipped to care for her illness. She was never transferred and died on September 4, 1988 at Humana Hospital–Southmore. In January 1989, appellant filed a Notice of Fatal Injury or Occupational Disease and Claim for Compensation for Death with the Industrial Accident Board (IAB) under TEX. REV.CIV.STAT.ANN. art. 8309d (Vernon 1986) (Workers' Compensation Act). The IAB determined that benefits had accrued because of the accident, but no known persons survived the deceased who were entitled to these benefits under the Workers' Compensation Act. Therefore, the benefits awarded by the IAB were deposited to the Second Injury Fund. Appellant later brought this suit against Dr. Thomas and other health care providers involved in Valdez's treatment.

Appellant, in her first point of error, complains that summary judgment was improper. She alleges that the Texas Workers' Compensation Act does not preclude her cause of action brought under 42 U.S.C. §§ 1983, 1988.

■ Appellant is attempting to turn an accidental on-the-job injury into a deprivation of Valdez's constitutionally protected rights. This is a State medical malpractice tort case involving the treatment of Valdez. The Supreme Court has stated that section 1983 is not a "font of Tort Law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Appellant's remedy for this injury is through the State Workers' Compensation Act. We overrule appellant's first point of error.

■ In points of error two and three, appellant complains that the Texas Workers' Compensation Act does not preclude her cause of action for negligent infliction of emotional distress. She also alleges that there exist genuine issues of material fact regarding this cause of action.

The applicable section of the Workers' Compensation Act reads as follows:

> Section 6. Workmen of the institution ... shall have no right of action against the agents, servants, or employees of the institution for damages for personal injuries, nor shall representatives or beneficiaries of deceased workmen have a right of action against the agents, servants, or employees of the institution for injuries resulting in death, but such workmen and their representatives shall look for compensation solely to the institution as provided in this act.

Dr. Thomas and Valdez were both employees of M.D. Anderson. M.D. Anderson is part of the University of Texas System and its employees are covered by the Workers' Compensation Act. The mental anguish and emotional distress suffered by Valdez is part of the injuries she suffered as a result of the accident. *Witty v. American Gen. Capital Distribs., Inc.,* 727 S.W.2d 503, 506 (Tex.1987). Appellant's claim for mental anguish and emotional distress is covered by the provisions of the Workers' Compensation Act. *Id.* Therefore, her cause of action for negligent infliction of emotional distress is barred by section 6 of the Workers' Compensation Act. *See id.* We overrule appellant's points of error two and three.

The summary judgment of the trial court is affirmed.