OPINION OF THE COURT
Richard F. Braun, J.
This is an action for damages for personal injury due to defendants’ alleged negligence and breach of the warranties of merchantability and fitness for use. The action was removed to this court by the Supreme Court, New York County, pursuant to CPLR 325 (d). The action was previously tried by a different Judge of this court and a jury, which resulted in a verdict for plaintiff in the amount of $1,165,000. The Appellate Term, First Department, reversed and remanded this action for a new trial on the ground that defendants’ affirma *455 tive defense that workers’ compensation was plaintiff’s exclusive remedy should not have been stricken at trial, as there were questions of fact as to said defense.
Defendants now move for summary judgment based on their affirmative defense of workers’ compensation, and plaintiff cross-moves to strike that defense. The parties submit with this motion two stipulations of facts. There are no longer issues of fact pertaining to the defense of workers’ compensation, and thus the defense is ripe for adjudication.
Plaintiff was an employee of defendant Chase Manhattan Bank (Chase) on August 7, 1984. At that time, defendant Chase ran a pharmacy for its employees where plaintiff had a prescription filled. Defendant Winslow Seale (Scale) was the employee of defendant Chase at its pharmacy who filled the prescription. His acts and/or omissions in doing so were performed within the scope of his employment with defendant Chase. Plaintiff avers that her ingestion of the prescription caused her serious injuries. On the date of the filling of the prescription, defendant Chase had a workers’ compensation policy in full force and effect.
In addition to prescription items, defendant Chase’s store in which the pharmacy was located also sold other nonpharmaceutical items that typically are sold in drugstores. Employees of defendant Chase could purchase items at the store and pharmacy for themselves and members of their families. The store and pharmacy were also open for such purchases to employees of all tenants of the building and of contractors working in the building. The price of merchandise in the store and pharmacy was the same for employees of defendant Chase, of the building tenants and of the contractors working there. At the time of the prescription purchase by plaintiff, there were approximately 7,000 employees of defendant Chase employed in the building, and about 2,500 employees of tenants and of contractors working in the building.
The pharmacy was located at a building owned by defendant Chase at One Chase Manhattan Plaza, New York, New York, one level below the lobby, and the pharmacy was accessible by escalator or elevator. Defendant Chase posted security guards to prevent persons other than the above from shopping at the store and pharmacy, although the guards were not totally successful in preventing all others from reaching the store.
Defendants argue that, if plaintiff were entitled to receive *456 workers’ compensation benefits for her injuries, she would be barred from suing defendants based thereon. (See, Workers’ Compensation Law §29 [6].) Although her injuries did not occur while plaintiff was actually working for defendant Chase, she could be barred by the Workers’ Compensation Law from recovering in a court action for injuries by her receipt of benefits from defendant Chase which were incidental to her employment. (Golini v Nachtigall, 38 NY2d 745 [1975]; Garcia v Iserson, 33 NY2d 421 [1974].) However, the Court of Appeals in a footnote in Garcia specifically left open "the question whether workmen’s compensation would be the exclusive remedy if an employee were injured while availing himself of services or facilities furnished by his employer to the general public if the employee’s access to such services or facilities was a benefit regularly furnished by the employer in consequence of a union contract, an individual agreement, or otherwise.” (Supra, 33 NY2d, at 424, n.) The Appellate Division, First Department, essentially answered the question in Botwinick v Ogden (87 AD2d 293 [1982]), a medical malpractice action. There the Court stated (at 296): "Thus, in order to be eligible for workers’ compensation payments, the professional services received by a covered individual must be available only to the employer’s workers and not to members of the general public (the standard enunciated in Garcia v Iserson, supra), and the injuries suffered from the allegedly negligent performance of those services must, however tangentially, be somehow work related. Otherwise, the remedy must lie in a suit for damages.” (Emphasis added.) However, the Court of Appeals reversed Botwinick on the ground that the Workers’ Compensation Board has primary jurisdiction to determine the question of the applicability of the Workers’ Compensation Law and stated that it was not proper for courts "to express views with respect thereto pending determination by the board.” (Botwinick v Ogden, 59 NY2d 909, 911 [1983].) That is no impediment here because the Appellate Term in its earlier reversal in this action held that defendant Chase waived its right to assert that the Workers’ Compensation Board has primary jurisdiction to determine the applicability of the Workers’ Compensation Law to these circumstances because defendant Chase had proceeded to trial without seeking a stay of this court action. (See, Shine v Duncan Petroleum Transp., 60 NY2d 22, 25, 27-28 [1983].)
Under the facts here, plaintiff would not be eligible for workers’ compensation benefits. The pharmacy was not open *457 only to employees of defendant Chase. First, although defendant Chase certainly tried to prevent its pharmacy from being generally available to members of the public, they occasionally shopped there. More importantly, it is undisputed that approximately 2,500 nonemployees of defendant Chase were permitted to use the pharmacy. Defendant Chase’s allowing such a large number of persons who were not its employees to utilize the pharmacy denies it the right to assert its defense that workers’ compensation benefits were plaintiff’s exclusive remedy to compensate her for her injuries.
Therefore, defendants’ motion is denied. Plaintiff’s cross motion is granted to the extent of striking defendants’ third affirmative defense of workers’ compensation.