**Tangelia L. JONES, Appellant,**

v.

**LEGAL COPY, INC. and Claude Jenkins, III, Appellees.**

No. 01–92–00835–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1993.

Stephen E. Menn, Houston, for appellant.

Thomas H. Wilson, Matthew B.E. Hughes, Vinson & Elkins L.L.P., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a summary judgment for wrongful termination suit. Appellant, Tangelia L. Jones, raises three points of error against appellees, Legal Copy, Inc. and Claude Jenkins, III. We affirm.

Jones started working at Legal Copy as an at-will employee in June 1988. On May

23, 1991, Jenkins, the manager of the Legal Copy, discharged Jones. On November 19, 1991, Jones filed a wrongful termination of employment suit against Legal Copy and Jenkins, alleging libel, slander, self-defamation, tortious interference with an employment relationship, negligence, and gross negligence arising out of the termination of her employment. An order granting Legal Copy's and Jenkins' motion for summary judgment was issued on June 22, 1992. One month later, the trial court denied Jones' motion for new trial. Jones appeals only the dismissal of her tortious interference with contract claim against Jenkins and her negligence and gross negligence claims against both Jenkins and Legal Copy.

Standard of review

■ Under TEX.R.CIV.P. 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972); *Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 793–94 (Tex.App.—Beaumont 1988, writ denied). In reviewing the granting of a motion for summary judgment, the appellate court will assume all evidence favorable to the nonmovant is true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). The appellate court will indulge every reasonable inference in favor of the nonmovant, and will resolve any reasonable doubt in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752. The movant has the burden of showing that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. *MMP,* 710 S.W.2d at 60; *Goldberg,* 775 S.W.2d at 752.

■ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Goldberg,* 775 S.W.2d at 752. Summary judgment is also proper for a defendant if he conclusively establishes all elements of his affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984).

■ When the movant has established the absence of any genuine issue of material fact as to its cause of action, the nonmovant cannot defeat the granting of a motion for summary judgment by merely pleading an affirmative defense. *Kirby Exploration Co. v. Mitchell Energy Corp.,* 701 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In order to defeat the granting of a motion for summary judgment, the nonmovant must respond by producing summary judgment evidence that raises a fact issue on each element of an affirmative defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Kirby Exploration,* 701 S.W.2d at 926.

■ Issues not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment cannot be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 676 (Tex.1979). While a summary judgment cannot be granted by default, the nonmovant who did not file a response to the motion may argue on appeal only that the motion was "legally insufficient." *Id.* at 678; *see, e.g., Sullivan v. Tarrant County Hosp. Dist.,* 761 S.W.2d 136, 138 (Tex.App.—Fort Worth 1988, no writ); *Federal Deposit Ins. Corp. v. Attayi,* 745 S.W.2d 939, 948 (Tex.App.—Houston [1st Dist.] 1988, no writ).

In Jones' first and second points of error, she asserts that the trial court erred in granting summary judgment against her tortious interference with contract claim, and there was insufficient evidence to support the summary judgment.

■ Jones makes the argument that a supervisor's privilege to terminate an at-will employee is limited to acts done in good faith and within the boundaries of fair play. In support of this proposition, Jones cites the following cases: *International Printing Pressme & Assistants' Union v. Smith*, 145 Tex. 399, 198 S.W.2d 729, 742 (1946) (expelled union member sued union for breach of contract); *Harris v. Traders & General Ins. Co.*, 82 S.W.2d 750, 752 (Tex.Civ.App.—Beaumont 1935, writ ref'd) (employee sued insurance company that pressured his company to discharge him); *Suarez v. McFall Bros.*, 87 S.W. 744 (Tex.Civ.App.1905, no writ) (debtor sued creditor who presented assignment of wages to debtor's employer causing debtor's discharge). None of these cases relied upon by Jones involve a supervisor exercising his authority to terminate an at-will subordinate.

Jones asserts that this Court should require an examination of a manager's reason for terminating an at-will employee. We believe this is contrary to the employment-at-will doctrine. The employment-at-will doctrine is the law of our state. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). The Texas legislature has enacted statutory exceptions, and the Texas Supreme Court has developed common law exceptions to the employment-at-will doctrine; however, none are asserted here. *See* Philip J. Pfeiffer & W. Wendell Hall, *Employment and Labor Law*, 45 Sw.L.J. 1722–23 (1992). The employment-at-will doctrine provides that an employer may terminate an employee at-will and without cause. *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 723 (Tex. 1990). Besides the above-mentioned exceptions, the employment-at-will doctrine

places no duties on an employer regarding an employee's continued employment. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985). Thus, the doctrine effectively bars contract and tort claims based on the decision to discharge an employee. *Id.* Jones' claim for interference with contract was properly dismissed under the employment-at-will doctrine.

■ Moreover, in order to support a summary judgment, the affidavit must state facts, not legal conclusions. *Life Ins. Co. v. Gar–Dal, Inc.*, 570 S.W.2d 378, 382 (Tex.1978). The primary evidence that supports the trial court's dismissal of Jones' interference with contract claim is Jones' own deposition testimony. Jones admits that she was an at-will employee of Legal Copy because she had no contract or promise of employment for a definite period of time. Also, she admits that there was no limitation on Legal Copy's right to terminate her. With Jones' admissions, the employment-at-will doctrine does not require a review of Jenkins' reasons for terminating Jones' at-will employment. *See Winters*, 795 S.W.2d at 723.

We overrule points of error one and two.

In point of error three, Jones asserts the trial court erred in granting summary judgment dismissing her negligence and gross negligence claims.

■ The first requirement of a negligence claim is the element of *duty*. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 312 (Tex.1987). Under the employment-at-will doctrine, an employer has no duty to an employee regarding continuation of employment. *Winters*, 795 S.W.2d at 723; *El Chico Corp.*, 732 S.W.2d at 312. Thus, the employment-at-will doctrine disposes of Jones' negligence and gross negligence claims.

■ Additionally, the Texas Workers' Compensation Act[1] bars Jones' negligence and gross negligence claims for mental anguish and negligent infliction of emotional distress because these injuries are work related.[2] *Witty v. American Gen. Capital*

---

[1] Tex.Rev.Civ.Stat.Ann. art. 8308–1.01 (Vernon's Pamph.1993).

[2] In its recent decision the Texas Supreme Court in *Boyles v. Kerr*, Tex.Sup.Ct.J. ——, ——, ——

*Distrib., Inc.,* 727 S.W.2d 503, 506 (Tex. 1987). The Act's remedy is exclusive, and an employee has no other right of action against the employer in the case of a work-related injury. *See Lotspeich v. Chance Vought Aircraft,* 369 S.W.2d 705, 708 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.). Thus, all of Jones' claims resulting from Legal Copy's and Jenkins' alleged negligence and gross negligence are barred by the Texas Workers' Compensation Act. *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989); *Reed Tool v. Copelin,* 689 S.W.2d 404, 406 (Tex.1985).

We overrule point of error three.

The judgment of the trial court is affirmed.

S.W.2d ——, —— (Dec. 2, 1992), held that "there is no general duty in Texas not to negligently

inflict emotional distress."