OPINION OF THE COURT
Per Curiam.
Order entered September 2,1992 affirmed, with $10 costs.
During the time period relevant to this appeal defendant Chase Manhattan Bank (Chase) operated a pharmacy and drug store at its New York headquarters at One Chase Manhattan Plaza, at which defendant Winslow Seale was employed as a pharmacist. Plaintiff, a Chase employee, allegedly sustained injuries due to defendant Seale’s improper filling of a drug prescription for a medical condition which, so far as appears, was not work related. Based upon the affidavits submitted and the facts stipulated to by the parties on their cross motions for summary judgment, Civil Court properly concluded that this damage action is not barred by the exclusivity provisions of Workers’ Compensation Law § 29 (6). The services provided and merchandise sold at the pharmacy were systematically available to both Chase employees and the substantial number (approximately 2,500) of non-Chase workers employed at the office building, with no special discounts or other privileges attendant to Chase employment. Nor was it shown that Chase employees were actively encouraged to use the pharmacy or that Chase itself derived a meaningful benefit from the voluntary use which was made of the pharmacy. It appears only that the pharmacy served as an accommodation or convenience that could be used by all those who worked in the building — whether employed by Chase or not— as they wished. In these circumstances, it cannot reasonably be said that the risk of the injury here complained of arose out of and in the course of plaintiff’s employment or, put differently, that there was a causal nexus between the injury and the employment (see, Matter of Lemon v New York City Tr. Auth., 72 NY2d 324; 1A Larson, Workmen’s Compensation Law § 20; cf., Woods v Dador, 187 AD2d 648).
Garcia v Iserson (33 NY2d 421) and Golini v Nachtigall (38 *950 NY2d 745), relied upon by the dissent, are not to the contrary. In each case the injured worker’s putative damage claim stemmed from professional service rendered by a coemployee physician at the employer’s sole expense, with no fee charged to the plaintiff in Garcia or to the plaintiff’s decedent in Golini. Significantly, the Appellate Division writing in Garcia makes clear that the medical services rendered at the on-site infirmary involved there were available "exclusively” to corporate employees such as the plaintiff (Garcia v Iserson, 42 AD2d 776, 777, affd 33 NY2d 421, supra), a situation markedly different than the one at bar, where widespread use of the pharmacy was made by non-Chase employees. As to Golini, since it was undisputed that the extensive course of medical treatment there involved was furnished by the coemployee defendant physician without cost to plaintiff’s decedent, the fact that the physician had treated and received direct compensation from private patients at the on-site medical facility only served to confirm, not undermine the Court’s conclusion that the free medical services furnished to plaintiff’s decedent were "incidental to his employment” (Golini v Nachtigall, at 746-747) and, hence, to sustain the defense of workers’ compensation. As discussed earlier, there is no evidence here of any such disparate treatment between Chase employees and nonemployees. Nothing in the record here indicates that any free or discounted services were offered incidental to Chase employment or, for that matter, that the defendant pharmacist or the other store employees knew or had reason to know whether the plaintiff or any other customer was or was not a Chase employee.
In sum, there was not shown to be a relationship between the plaintiff’s alleged injuries and her employment sufficient to preclude the maintenance of this damage action. We thus sustain the grant of plaintiff’s motion for summary judgment dismissing the third affirmative defense of workers’ compensation.