**Janis Ann PAYNE, Individually and as Next Friend of Phillip Craig Payne and John David Payne, Minors, Appellant,**

v.

**GALEN HOSPITAL CORPORATION d/b/a Clear Lake Regional Medical Center, Appellee.**

No. 01–97–00087–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 26, 1999.

Paul F. Waldner, III, Houston, for Appellant.

William Sherwood, Richard A. Sheehy, Lauren L. Beck, Mike Morris, Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and TAFT.

## MAJORITY OPINION ON MOTION FOR REHEARING

TIM TAFT, Justice.

This appeal is from a summary judgment in favor of appellee, Galen Hospital Corporation doing business as Clear Lake Regional Medical Center ("the hospital"), on the grounds that the Workers' Compensation Act ("the Act") bars the claims of appellant, Janis Ann Payne, individually and as next friend of Phillip Craig Payne and John David Payne ("Payne"). In our majority opinion of December 30, 1998, we reversed the summary judgment granted to the hospital. We grant the hospital's motion for rehearing, withdraw our original opinions, and issue these instead. We address whether an additional injury suffered during treatment of a job-related injury, for which the employee received workers' compensation benefits, may form the basis of a common law complaint against the employer who also employed those who allegedly inflicted the additional injury. We affirm.

### Facts

In August 1992, Janis Ann Payne was employed as a nurse by the hospital when she injured her back while assisting a patient who had lost her balance. Payne was treated by Dr. Edward Green, an independent physician not associated with the hospital, for lumbar strain. He prescribed Toradol, a non-steroidal anti-inflammatory drug, which had been on the market for less than five months. Payne was unaware of the restrictions in the drug's package insert which said it was "not to be used for the management of chronic pain" and was "for limited duration." Payne sought and received benefits from the hospital's workers' compensation carrier for her injuries.

Payne obtained her prescription and refills at the hospital pharmacy, either after work or on her day off. The pharmacy is available only to hospital patients or employees of the hospital who require medication as a result of an on-the-job injury; it is not open to the general public. Before filling new prescriptions for employees injured on the job, the pharmacy verifies, through contact with the hospital's

injury coordinator, the employee is a workers' compensation claimant.

Payne took Toradol for four and one-half months, and then experienced a severe reaction to the prolonged use. She developed vasculitis, breathing problems, cataracts in both eyes, damage to her peripheral nerves, joint damage and severe depression. She is now a chronic pain patient, is totally and permanently disabled, and is confined to a wheel chair for the rest of her life. Payne asserted the hospital pharmacists never warned her Toradol was for limited use; instead, they refilled the prescription without question.

The hospital's workers' compensation carrier paid benefits to Payne as a result of her injuries, including the reaction to the Toradol. She received and continues to receive wage payments and workers' compensation benefits. She has never had to pay for any of her medication or medical treatment.

### Common Law Claims Excluded

In her sole point of error, Payne asserts the trial court erred in granting summary judgment on the grounds that the exclusive remedy provisions of the Act barred her claims. Payne argues her negligence claims are not barred because her reactions to the Toradol were independent injuries that did not occur during the course and scope of her employment.

### A. Standard of Review

Summary judgment is proper when the movant establishes there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Rowley v. Lake Area Nat'l Bank,* 976 S.W.2d 715, 718 (Tex.App.Houston [1st Dist.] 1998, pet. denied). In reviewing the granting of summary judgment, we assume all evidence favorable to the non-movant is true.

*Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). We indulge every reasonable inference and resolve any reasonable doubt in the non-movant's favor. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Science Spectrum, Inc.,* 941 S.W.2d at 911; *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.Houston [1st Dist.] 1993, no writ). A defendant may also obtain summary judgment by conclusively establishing all elements of an affirmative defense as a matter of law. *Science Spectrum, Inc.,* 941 S.W.2d at 911; *Jones,* 846 S.W.2d at 924. Once the defendant produces evidence warranting summary judgment, the plaintiff must present evidence that raises a fact issue. *Walker,* 924 S.W.2d at 377; *Haight v. Savoy Apartments,* 814 S.W.2d 849, 851 (Tex.App.Houston [1st Dist.] 1991, writ denied).

### B. Procedural History

In her original petition, Payne claimed the hospital was negligent in filling and dispensing Toradol for four months even though the package insert warned the medication was for limited use, and was not to be used to treat chronic pain. Specifically, Payne claimed the hospital pharmacists, acting within the course and scope of their employment, ignored these warnings and continued to fill the prescriptions. Additionally, Payne asserted such conduct involved an extreme degree of risk to herself, thereby constituting gross negligence.

The hospital's motion for summary judgment asserted that Payne's claims were barred by the Act because its workers' compensation insurance provided benefits to Payne for her original back injury and the subsequent injury from the effects of the Toradol.[1] The hospital's summary

---

1. On September 13, 1996, the amount of benefits received by Payne from the hospital's

insurance carrier was $87,783.52 and the

judgment evidence included certified copies of pleadings, pages excerpted from transcripts of Payne's deposition testimony, certified copies of answers to interrogatories, the affidavit of Mary Rivera and its exhibit, and page excerpts from Payne's medical records.

In her reply to the hospital's motion, Payne admitted her back injury occurred in the course and scope of her employment with the hospital, and it was paid for by the hospital's insurance carrier. Payne claimed, however, the reactions to the Toradol, the basis of her claim against the hospital, were independent injuries that did not occur during the course and scope of her employment. The injuries were not work-related because: (1) Payne was not in the course and scope of her employment when she purchased the Toradol; (2) the injury was not of a kind or character originating in or having to do with the employer's work; (3) the injury did not occur while Payne was engaged in the furtherance of the employer's business or affairs; (4) Payne could have filled her prescription at any pharmacy; and (5) at the time of her purchase of Toradol, Payne stood in a consumer/retailer relationship with the hospital.[2]

In its response to Payne's reply, the hospital again asserted the Act barred Payne's claims. The hospital further argued even if Payne had the option, at some point, of suing her employer due to the actions of the hospital pharmacists, Payne elected to accept the workers' compensation benefits, thereby precluding her from maintaining an action at common law. Lastly, the hospital asserted two grounds under which the Act barred Payne's negligence claims. The hospital claimed this case involved damages due to the drug prescribed and dispensed in treatment for an on-the-job injury. Such cases are compensable under the Act, and this case was no exception. Alternatively, the hospital argued acts for the personal comfort or convenience of an employee may fall under the Act even when the acts do not flow from a work-related injury. Therefore, Payne's decision to fill her prescription at her employer's pharmacy was within the coverage of the Act, and recovery was accordingly limited to the Act.

## C. Applicable Law

■ Former article 8308–4.01 of the Texas Revised Civil Statutes, in effect at the time of Payne's original injury, provided:

> Recovery of workers' compensation benefits under the Act is the exclusive remedy of an employee ... against the employer or an agent, servant, or employee of the employer for ... a work-related injury sustained by a covered employee.

Tex. Rev. Civ. Stat. Ann. art. 8308–4.01 (repealed) (now Tex. Lab.Code Ann. § 408.001 (Vernon 1996)). Recovery under the Act is intended to be an injured employee's sole remedy for work-related injuries. *Schauer v. Memorial Care Sys.*, 856 S.W.2d 437, 452 (Tex.App.Houston [1st Dist.] 1993, no writ). To recover under the Act, an employee must have been injured in the course of employment. *Dickson v. Silva*, 880 S.W.2d 785, 786–87 (Tex. App.–Houston [1st Dist.] 1993, writ denied).

■ Both parties agree Payne sustained her first injury, to her back, while in the course and scope of her employment. The question is whether the second injury, the effects from the Toradol, is also a work-related injury, as defined by the Act. If so, then Payne's recovery is limited by the

---

amount paid to healthcare providers was $534,802.50.

**2.** Payne's second response to the hospital's motion further emphasized the arguments that when the Toradol was dispensed from the hospital pharmacy: (1) she was not in the course and scope of her employment; (2) her relationship with the hospital was the same as any individual purchasing health care services; and (3) the Toradol injury was a separate and distinct injury from her work-related injury.

Act. Whether an employee sustained injuries in the course of employment is a threshold inquiry to the applicability of the Act. *See Villanueva v. Astroworld, Inc.,* 866 S.W.2d 690, 693 (Tex.App.–Houston [1st Dist.] 1993, writ denied).

As a general rule, an injury sustained in the course of employment must be of a kind or character originating in or having to do with the employer's work, and it must have occurred while the employee was engaged in the furtherance of the employer's business or affairs. *Biggs v. U.S. Fire Ins. Co.,* 611 S.W.2d 624, 627 (Tex.1981); *Dickson,* 880 S.W.2d at 787. When disability or death results from medical treatment instituted to cure or relieve an employee from the effects of his injury, however, it is regarded as having been proximately caused by the injury and is compensable under a claim for workers' compensation. *See Duke v. Wilson,* 900 S.W.2d 881, 886 (Tex.App.El Paso 1995, writ denied); *Sutherland v. Illinois Employers Ins. Co. of Wausau,* 696 S.W.2d 139, 141 (Tex.App.Houston [14th Dist.] 1985, no writ); *Western Cas. & Sur. Co. v. Gonzales,* 506 S.W.2d 303, 309 (Tex.Civ.App.Corpus Christi 1974), *aff'd,* 518 S.W.2d 524 (1975).[3]

### D. Analysis

Taken in the light most favorable to Payne, the facts show she injured her back on the job. Payne sought and received treatment from a physician not associated with her employer. The physician prescribed Toradol for her back injury. Payne picked up the Toradol from the hospital pharmacy either after work or on her days off. The hospital only provided medication to patients and to employees who had been injured on the job, for the on-the-job injury. Payne could have filled her prescription at any

pharmacy. She suffered injuries in the form of severe reactions to the Toradol. Payne received and accepted workers' compensation benefits covering the entire episode: from the back injury, through the reaction to the Toradol, to the present.

Except for wrongful death actions seeking exemplary damages for an employer's gross negligence, the Act exempts employers from common law liability based on negligence or gross negligence. *Dickson,* 880 S.W.2d at 788; *see* TEX. CONST. Art. XVI, § 2b (Damages for Homicide); TEX. LAB.CODE ANN. § 408.001(a)-(c) (Vernon 1996). The Act provides the exclusive remedy for injuries employees sustain in the course of their employment. *Dickson,* 880 S.W.2d at 788; TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996). Payne's second injury — treatment with Toradol for her on-the-job injury — was an "extension" of her back injury, "occurring in the probable sequence of events and arising from the actual compensable injury." *Duke,* 900 S.W.2d at 886. Accordingly, the injury was in the course and scope of her employment for purposes of compensability.

The case most closely analogous to this case is *Darensburg v. Tobey,* 887 S.W.2d 84 (Tex.App.Dallas 1994, writ denied). In *Darensburg,* as here, there was no dispute that the appellant sustained an initial wrist injury in the course and scope of his employment with LTV Aerospace. *Id.* at 87. For summary judgment purposes, the court assumed the aggravation of the wrist injury, caused by the company doctor, was a separate and distinct injury. *Id.* Given the following circumstances, the *Darensburg* court determined the second injury was work-related because: (1) the appellant was only permitted to see the compa-

---

**3.** Payne's reliance on *Ruiz v. Chase Manhattan Bank,* 155 Misc.2d 454, 588 N.Y.S.2d 251 (1992), *aff'd,* 158 Misc.2d 948, 607 N.Y.S.2d 207 (1993), *aff'd,* 621 N.Y.S.2d 345, 211 A.D.2d 539 (N.Y.App.Div.1995), is misplaced. The plaintiff in *Ruiz* did not suffer from an on-the-job injury for which she received treatment that caused additional injuries. She was injured outside the scope of her employment and then sought to fill a prescription at her employer's pharmacy.

ny doctor as a result of his employment with LTV; (2) LTV facilities were not open to the general public, and the company doctor was authorized to treat only LTV employees; (3) LTV made a business decision to provide on-site health care for its employees; and (4) it was in the furtherance of this business decision that the appellant sustained a second injury. *Id.*

As in the present case, the Darensburgs argued the second injury was a separate, non-work-related injury. *See id.* at 86. They also argued the company doctor was not a co-employee entitled to immunity because he was a highly-trained professional. *See id.* The dissenting opinion finds *Darensburg* distinguishable because the injury was always a fractured wrist even though it had been initially misdiagnosed as a sprain. We find this distinction unpersuasive. The *Darensburg* court permitted recovery because aggravation of the injury, due to misdiagnosis, was a separate injury. *See id.* The injury was not separate here because it was an extension of the back injury under the *Duke* precedent. 900 S.W.2d at 886.

We also find unpersuasive the dissenting opinion's statements that because the original back strain had healed, the injury from the Toradol was a completely separate injury. It is uncontroverted the Toradol was prescribed for pain from Payne's back strain. Also unpersuasive is the dissenting opinion's reliance on cases involving intentional torts, such as *Massey v. Armco Steel,* 652 S.W.2d 932 (Tex.1983), for the proposition that an employer's subsequent conduct may be separable from an on-the-job injury.

We hold that Payne's second injury, suffered during treatment of a job-related injury, was work-related for purposes of the exclusive remedy provision. Therefore, the trial court properly granted the hospital's motion for summary judgment. We overrule Payne's sole point of error.

1. Payne filed suit individually, and as next friend of her children.

## Conclusion

We affirm the judgment of the trial court.

Justice MIRABAL dissenting.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.

Justice O'CONNOR dissents from the overruling of the motion for rehearing en banc and joins the dissenting opinion of Justice MIRABAL.

MARGARET GARNER MIRABAL, Justice, dissenting on motion for rehearing.

I dissent.

Janis Payne [1] filed suit against Galen Hospital, Dr. Edward Green, the drug manufacturer, and the drug marketer. The hospital's workers' compensation insurance carrier intervened in the suit for the recovery of amounts paid to Payne under the workers' compensation policy. The trial court granted the hospital's motion for summary judgment, severed that part of the case from the remainder, and dismissed the workers' compensation carrier's intervention in connection with the claims against the hospital.

No one contests that if Payne would have had the prescriptions filled by another pharmacy, Payne could pursue her common-law negligence claims against that pharmacy, even though the workers' compensation insurance would have covered her costs; the hospital's workers' compensation carrier would have subrogation rights in connection with her recovery. TEX. LAB.CODE ANN. §§ 417.001–.002 (Vernon 1996). Therefore, the key issue in this appeal is whether the mere fact that the *pharmacy is owned by Payne's employer* bars Payne's claim.[2]

2. It would follow that if Payne does have a right to sue the hospital-owned pharmacy in the present case and she prevails on her negli-

The applicable Workers' Compensation Act (the Act) provision[3] exempts employers from common-law liability based on negligence or gross negligence; it provides the exclusive remedy for injuries employees sustain in the course of their employment. *Dickson v. Silva,* 880 S.W.2d 785, 788 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The exclusivity provision of the Act prevents only those actions founded directly on the initial personal injury sustained by the worker in the course and scope of his or her employment. *Seale v. American Motorist Ins. Co.,* 798 S.W.2d 382, 392 (Tex.App.—Beaumont 1990, writ denied). If Payne's injuries from taking Toradol were not sustained in the course of her employment, then the Act does not disturb her common-law remedies. *Villanueva v. Astroworld, Inc.,* 866 S.W.2d 690, 693 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Both parties agree that Payne's first injury, her back injury, was in the course and scope of her employment. The contested question is whether the second injury, the effects from the Toradol, was sustained in the course of her employment, as defined by the Act. Whether an employee's injuries were sustained in the course of her employment must first be determined before it can be held that the exclusivity provision of the Act is applicable. *Villanueva,* 866 S.W.2d at 693.

As a general rule, an injury sustained in the course of employment must be of a kind or character originating in or having to do with the employer's work, and it must have occurred while the employee was engaged in the furtherance of the employer's business or affairs. *Biggs v.*

*United States Fire Ins. Co.,* 611 S.W.2d 624, 627 (Tex.1981); *Dickson,* 880 S.W.2d at 787. The uncontroverted evidence shows that Payne's back was injured on the job. Payne sought and received treatment from a physician not associated with her employer. The physician prescribed Toradol for her back injury. Payne picked up the Toradol from the hospital pharmacy either after work or on her days off. Payne could have filled her prescription at any pharmacy. The original back injury healed; however, Payne suffered other injuries in the form of severe reactions to the Toradol. Such injuries were not sustained while Payne was engaged in the furtherance of the hospital's business or affairs. The acts of prescribing and filling the prescription refills were separable from the initial back strain and produced an independent injury. Such injuries do not qualify as injuries "sustained in the course and scope of employment," and therefore the present action is not barred by the exclusivity provision of the Workers' Compensation Act. *See Massey v. Armco Steel Co.,* 652 S.W.2d 932, 933 (Tex. 1983) (if the employer's tortious act is separable from the original claim for on-the-job injury, and if the tortious act produces an independent injury, there is no estoppel preventing the employee from suing the employer even if the employee had received worker's compensation benefits); *Nayef v. Arabian Am. Oil Co.,* 895 S.W.2d 825, 827 (Tex.App.—Corpus Christi 1995, no writ) (an employee may have a workers' compensation claim against the employer and also a common-law claim for a tort if the employer's tort is separable from the initial compensation claim and produces an independent injury).[4]

---

gence claims, the hospital's workers' compensation carrier will likewise have subrogation rights in connection with her recovery.

3. Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 4.01, 1989 Tex. Gen. Laws 1, 32, (former Tex.Rev.Civ. Stat. Ann. art. 8303.4.01, *since repealed and codified by* Tex. Lab.Code Ann. § 408.001 (Vernon 1996)) (the Act).

4. I note that the cases relied on by the hospital are distinguishable. In *Darensburg v. Tobey,* 887 S.W.2d 84 (Tex.App.—Dallas 1994, writ denied), the injury sustained in the course and scope of employment was a fractured wrist; the fact that it was initially diagnosed as merely a sprained wrist did not change the fact that the injury actually sustained at work was the fracture. *Id.* at 86. Likewise, in *Godinet v. Thomas,* 824 S.W.2d

I analogize the present case with the following fact scenario: a hospital employee sustains an on-the-job injury to her right arm, and the hospital-employed doctor amputates the left arm by mistake. Does the exclusivity provision of the Workers' Compensation Act preclude a suit for negligence and gross negligence against the hospital? The hospital argues that such a suit would be precluded, and the majority agrees. I disagree. The amputation of the wrong arm in such circumstances, though compensable under the Act, would not be an injury sustained in the course and scope of employment—it would be an independent injury caused by a tortious act separable from the on-the-job-injury.

The majority concludes that *because* the injuries sustained by Payne as a result of taking Toradol are "compensable" under the Act, Payne's lawsuit is barred by the exclusivity provision of the Act. Respectfully, I believe the majority has wrongly adopted a simplistic approach, making compensability and exclusivity coextensive. "Compensability" is uncontested in this case; however, "exclusivity of remedy" is a different issue not resolved by the mere fact that the injury is "compensable" under the Act. *Massey* makes it clear that if the employer's intentional tortious act is separable from the on-the-job injury, and if the tortious act produces an independent injury, there is no bar to a lawsuit just because worker's compensation benefits have been paid. *Massey*, 652 S.W.2d at 933. Likewise, in the present case, the alleged negligence of the pharmacy was separable from the on-the-job injury of the back sprain, and it produced an independent injury; thus, the present lawsuit is not barred.

632 (Tex.App.—Houston [14th Dist.] 1991, writ denied), the on-the-job injury was the contraction of Hepatitis B from a needle puncture; the fact that the plaintiff was initially diagnosed as having Hepatitis A did not change the fact that the injury actually sustained at work was the contraction of Hepati-

I would sustain plaintiffs' sole point of error, reverse the judgment, and remand the case to the trial court.

Justice O'CONNOR joins this opinion and dissents to the denial of the motion for rehearing en banc.

tis B. *Id.* at 633. Further, in both *Darensburg* and *Godinet*, the respective plaintiffs and treating physicians were employed by the same employers; here, the treating physician who prescribed Toradol is an independent doctor, not employed by the hospital.