Opinion issued May 31, 2007














In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00836-CV

 __________


TRAVELERS INDEMNITY COMPANY

 OF CONNECTICUT, Appellant


V.


JESUS ESPINOSA, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2003-24700




MEMORANDUM OPINION

 

 In this workers compensation case, Travelers Indemnity Company of
Connecticut ("Travelers"), appellant, complains of the award of attorney's fees after
its unsuccessful challenge of a Texas Workers Compensation Commission ("TWCC")
ruling. In four issues, Travelers alleges that (1) the trial court lacked jurisdiction to
order payment of attorney's fees in a post-trial proceeding absent pleadings to support
such relief, (2) the evidence was legally and factually insufficient to support the
award of attorney's fees, and (3) the trial court erred in failing to condition the award
of appellate attorney's fees on an unsuccessful appeal. We reform the judgment and,
as reformed, affirm.

Factual and Procedural Background


 Jesus Espinosa, a machinist, was injured in the course of his employment. 
After a contested case hearing, the TWCC ruled in his favor and found that he had
suffered a compensable injury. Travelers, Espinosa's employer's insurance carrier,
appealed to a TWCC appeals panel, and the panel affirmed the hearing officer's
decision. Travelers then appealed to the district court. In his answer, Espinosa made
a general denial and a plea for attorney's fees. The jury found in Espinosa's favor,
and Espinosa filed a post-trial motion for approval of attorney's fees. The motion
was supported by an affidavit from an attorney on the case as well as "time and
expense details reports." The trial court signed an order approving the attorney's fees
and later awarded them in a final judgment. Travelers challenges only the award of
attorney's fees. 

Jurisdiction


 In issue one, Travelers argues that the trial court lacked jurisdiction to order
payment of attorney's fees in a post-trial proceeding absent pleadings to support such
relief. Specifically, Travelers contends that Espinosa failed to allege sufficient facts
to support a claim for attorney's fees and the claim should have been in the form of
a counterclaim. Espinosa contends that no pleadings are necessary because the Labor
Code makes an award for attorney's fees mandatory for the prevailing party.

 In Texas, a pleading is sufficient if it gives fair and adequate notice to the
opposing party, sufficient for that party to prepare a defense. See Greene v. Young,
174 S.W.3d 291, 300 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). Here,
Travelers's lawsuit for judicial review is part of the comprehensive and exclusive
statutory scheme established in the Act. See Tex. Lab. Code Ann. § 408.001(a);
Payne v. Galen Hosp. Corp., 4 S.W.3d 312, 315 (Tex. App.--Houston [1st Dist.]
1999), aff'd, 28 S.W.3d 15 (Tex. 2000).

 Travelers's lawsuit is the appeal of a decision by a TWCC appeals panel, which
is authorized by Chapter 410, Subchapter G of the Texas Labor Code. Tex. Lab.
Code Ann. §§ 410.301-.308 (Vernon 2006). The Act provides that, in a suit for
"judicial review under Subchapter G, Chapter 410, of a final decision of the appeals
panel regarding compensability . . . or the amount of, income . . . benefits," an
insurance carrier "is liable for reasonable and necessary attorney's fees . . . as a result
of the insurance carrier's appeal if the claimant prevails on an issue on which judicial
review is sought by the insurance carrier . . . ." Id. § 408.221(c). Otherwise, the
claimant's attorney's fees are to be paid from the claimant's recovery. Id. §
408.221(b). In either circumstance, "[a]n attorney's fee . . . for representing a
claimant before the . . . court under this subtitle must be approved by the . . . court."
Id. § 408.221(a).

 Espinosa's pleading specifically requests the trial court to approve his
reasonable attorney's fees. Espinosa's answer to Travelers's lawsuit stated,

 It was necessary for [Espinosa] to retain [counsel] . . . to represent [him]
before the Commission and the court. [Espinosa] asks the court to
approve [his] reasonable attorney's fees and to authorize [him] to pay
his attorney the amount shown to be reasonable.


This language follows section 408.221(a), requiring the trial court's approval. See
id. Because Espinosa requested approval of his fees as required by the Act and
Travelers's suit is governed by the Act, we conclude that Travelers had fair notice
that Espinosa was seeking attorney's fees. See Dean Foods Co. v. Anderson, 178
S.W.3d 449, 453 (Tex. App.--Amarillo 2005, pet. denied) (concluding that, even
though request for attorney's fees was only general in nature, it was reasonable to
construe that claimant was seeking attorney's fees incurred in defending against
carrier's suit for judicial review). We hold that Espinosa's request for attorney's fees
in his answer to Travelers's lawsuit seeking to reverse the TWCC's finding was
sufficient to place Travelers on notice that he was seeking attorney's fees under the
Labor Code.

 We overrule issue one.

Sufficiency


 In its second and third issues, Travelers argues that the evidence was legally
and factually insufficient to support the award of attorney's fees. Travelers contends
that, because Espinosa "offered no evidence or testimony during [the] 14-minute"
hearing on attorney's fees, the trial court committed reversible error.

 The determination of reasonable attorney's fees is a question for the trier of
fact. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 12 (Tex. 1991). The amount
of a fee award rests in the sound discretion of the trial court, and its judgment will not
be reversed on appeal absent a clear abuse of discretion. Even though the appropriate
standard of review is abuse of discretion, we may nevertheless review a fee award for
sufficiency of the evidence. Id. at 11. This hybrid analysis requires a two-pronged
inquiry: (1) Did the trial court have sufficient information upon which to exercise its
discretion; and (2) if so, did the trial court err in its application of discretion? Id. The
traditional sufficiency review comes into play with regard to the first question. Id. 
We then proceed to determine whether, based on the elicited evidence, the trial court
made a reasonable decision. Id. Stated inversely, we must conclude that the trial
court's decision was neither arbitrary nor unreasonable. Id. In City of Keller v.
Wilson, 168 S.W.3d 802 (Tex. 2005), the supreme court re-examined the standard of
review for legal-sufficiency challenges. "The final test for legal sufficiency,"
concluded the court, "must always be whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review." Id. at 827. 
"[L]egal-sufficiency review in the proper light must credit favorable evidence if
reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not." Id. If the evidence "would enable reasonable and fair-minded people to
differ in their conclusions, then jurors," and here, the trial court, as trier of fact, "must
be allowed to do so." See id. As long as the evidence falls within the zone of
reasonable disagreement, "[a] reviewing court cannot substitute its judgment for that
of the trier-of-fact." Id. at 822. Although the reviewing court must "consider
evidence in the light most favorable to the judgment, and indulge every reasonable
inference that would support it[,] . . . if the evidence allows for only one inference,
neither jurors nor the reviewing court may disregard it." Id.

 In determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Comm'n of Contracts v.
Arriba Ltd., 882 S.W.2d 576, 582 (Tex. App.--Houston [1st Dist.] 1994, no writ). 
In an appeal from a bench trial, we may not invade the fact-finding role of the trial
court, which alone determines the credibility of the witnesses, the weight to give their
testimony, and whether to accept or reject all or any part of that testimony. 
Nordstrom v. Nordstrom, 965 S.W.2d 575, 580-81 (Tex. App.--Houston [1st Dist.]
1997, pet denied).

 An attorney's fee award under section 408.221 must be based on written
evidence presented to the court. Tex. Lab. Code Ann. § 408.221(b); Transcont'l Ins.
Co. v. Smith, 135 S.W.3d 831, 838 (Tex. App.--San Antonio 2004, no pet.). In
approving an attorney's fee, the court shall consider (1) the time and labor required,
(2) the novelty and difficulty of the questions involved, (3) the skill required to
perform the legal services properly, (4) the fee customarily charged in the locality for
similar legal services, (5) the amount involved in the controversy, (6) the benefits to
the claimant that the attorney is responsible for securing, and (7) the experience and
ability of the attorney performing the services. Tex. Lab. Code Ann. § 408.221(d)
(Vernon 2006). 

 The record shows that Espinosa retained the Barnes Law Firm to pursue the
workers compensation action. Attached to Espinosa's Motion for Approval of
Attorney's Fees and Expenses was an affidavit from Peggy M. Campbell, an associate
with the firm. Campbell testified that the amount of attorney's fees expended in the
case was $48,737.50 and $4,457.73 in expenses were incurred, for a total of
$53,195.23. She further testified that the amount charged was necessary to pursue the
case. Also attached to the motion were "time and expense details reports" from May
21, 2003 to May 31, 2005. The statements detail the professional services rendered,
which included telephone conferences, preparation of legal documents, court
appearances, legal research, and trial preparation for four attorneys in the firm. These
reports show the services performed, the time spent on the matter, and the hourly rate
charged for the services. Lastly, Espinosa attached an article from the Texas
Lawyer entitled, "Charging More in 2004," which explained that "billing rates
[were] up slightly at Texas firms." 

 Campbell's affidavit, coupled with the supporting documentation, is legally
sufficient evidence to establish these factors and support the trial court's fee award.
Accordingly, we hold that the evidence is legally sufficient to support the order
awarding attorney's fees and expenses.

 In issue three, Travelers contends that the evidence was factually insufficient
to support the award of attorney's fees that were "excessive, duplicative and
opportunistic."

 In response to Espinosa's Motion for Approval of Attorney's Fees and
Expenses, Travelers filed an objection in which it complained that Espinosa's
proposed attorney's fees were excessive and duplicative. Travelers did not present
any evidence in support of its objection to the award of attorney's fees.

 Reviewing the record in light of the factors a trial court may consider in
determining whether attorney's fees are reasonable, we conclude that the trial court
was presented with factually sufficient evidence upon which to exercise its discretion. 
 We overrule issues two and three.

Appellate Attorney's Fees


 In its fourth issue, Travelers contends, and Espinosa agrees, that the trial court
erred in failing to condition the award of appellate attorney's fees upon an
unsuccessful appeal. 

 A trial court may not penalize a party for taking a successful appeal. Sipco
Serv's Marine v. Wyatt Field Serv., 857 S.W.2d 602, 607 (Tex. App.--Houston [1st
Dist.] 1993, no writ). An unconditional award of an appellant's appellate attorney's
fees is improper. Id. at 607-08. Therefore, the trial court must condition the award
of appellate attorney's fees upon the appellant's unsuccessful appeal. Id. at 607. 
However, an unconditional award of appellate attorney's fees does not require
reversal; instead, we may modify a trial court's judgment to make the award of
appellate attorney's fees contingent upon the receiving party's success on appeal. 
Pao v. Brays Vill. E. Homeowners Ass'n, 905 S.W.2d 35, 38-39 (Tex.
App.--Houston [1st Dist.] 1995, no writ).
 We sustain Travelers' fourth issue and reform the judgment.

Conclusion


 We reform the judgment, and, as reformed, affirm the judgment of the trial
court.

 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.