**Darnell COOK, Plaintiff,**

v.

**FIDELITY INVESTMENTS, Defendant.**

No. 3:95–CV–1372–T.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 30, 1995.

David Anthony Small, Law Office of David A. Small, Dallas, TX, for plaintiff.

Arlene Switzer Steinfield, Bryan Patrick Neal, Thompson & Knight, Dallas, TX, for defendant.

MALONEY, District Judge.

*ORDER GRANTING DEFENDANT'S MO-TION FOR PARTIAL DISMISSAL AND FOR PARTIAL SUMMARY JUDGMENT*

Before the Court is Defendant's Motion for Partial Dismissal or, Alternatively, for Partial Summary Judgment. The motion is opposed. After considering the motion, the response, and the reply, the Court is of the opinion that the motion should be granted.

According to the allegations in the first amended complaint, Defendant Fidelity Investments employed Plaintiff Darnell Cook in

its Dallas office. In November, 1993, a vice president of Fidelity subjected Cook to an unsatisfactory performance review. Consequently, Cook was demoted to the position of LAN manager.

Cook filed this action in state court concerning his demotion and his treatment by Fidelity. Fidelity removed the action to this Court. Afterwards, Cook filed his first amended complaint. Cook brings claims for: (1) racial discrimination under Title VII and the Texas Commission on Human Rights Act (TCHRA), (2) intentional infliction of emotional distress, and (3) negligent supervision for failure to prevent Fidelity's vice president from discriminating against Cook.

Fidelity moves to dismiss the claims for intentional infliction of emotional distress and for negligent supervision. Alternatively, Fidelity moves for summary judgment on the claim for negligent supervision. The Court considered Fidelity's motion to dismiss the claim for intentional infliction of emotional distress. Also, the Court considered Fidelity's motion for summary judgment on Cook's claim for negligent supervision because it considered materials outside of the pleadings.

### Motion to Dismiss

■■■■ Fidelity moves to dismiss Cook's claim for intentional infliction of emotional distress. A motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir.1986). The Court must decide whether the material facts alleged would entitle a plaintiff to offer evidence regarding the legal remedy it requests. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Unless the answer is unequivocally no, the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■■■■ In considering a motion to dismiss, the Court must accept as true all well pleaded facts in the complaint, and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

However, the court will not accept conclusory allegations in the complaint as true. *Id.* Also, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Id.*

■■■■ On his claim for intentional infliction of emotional distress, Cook must show: (1) that Fidelity acted intentionally or recklessly; (2) that the conduct was extreme and outrageous; (3) that Fidelity's actions caused him emotional distress; and (4) that the emotional distress was severe. *Tidelands Auto. Club v. Walters*, 699 S.W.2d 939, 942 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.). Fidelity contends that Cook fails to allege conduct which is extreme and outrageous.

In response, Cook contends that he alleges extreme and outrageous conduct when his allegations are viewed on an aggregate basis. In his first amended complaint, Cook alleges that vice president Tony Ulichnie subjected him to an unsatisfactory performance review. Cook had not received any criticism of his job performance before he was supervised by Ulichnie. Cook signed the performance review out of fear of losing his job and accepted a demotion to the position of LAN manager. He was placed under a one-month improvement plan. During this period, Ulichnie "subjected [Cook] to embarrassing and humiliating yelling scenes in the presence" of co-workers. "Racial [epithets], racial overtones, and unfair treatment based on race constituted the basis of these disruptive and embarrassing scenes." Other employees did not have to endure such treatment. In his response, Cook characterizes his demotion as a "crude, insidious, and juvenile scheme" to remove him from a managerial position.

■■■■ The Court finds that the behavior complained of by Cook does not constitute extreme and outrageous conduct as a matter of law, even when considered on an aggregate basis. An employer's conduct is extreme and outrageous when that conduct exceeds all possible bounds usually tolerated by civilized society and is calculated to cause serious emotional distress. *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 269 & n. 28 (5th Cir.1994). It is not enough that

Fidelity may have acted with criminal or tortious intent or that its conduct may be characterized by malice. *Id.; Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1142–43 (5th Cir.1991). It is not enough that Fidelity may have engaged in an organized and premeditated attempt to demote Cook. *Guthrie v. Tifco Indust.,* 941 F.2d 374 (5th Cir.1991) (an organized and premeditate discharge is not extreme and outrageous), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992).

■ Only in the *"most* unusual cases" will conduct occurring in the employment context give rise to an independent claim for intentional infliction of emotional distress. *Wilson,* 939 F.2d at 1145 (emphasis in original). Cook's allegations in connection with this claim are duplicative of his allegations supporting his racial discrimination claims. The allegations do not give rise to an additional claim for intentional infliction of emotional distress. *Id.* (noting that employee did not allege conduct so extreme and outrageous as to warrant addressing them outside of his age discrimination claim).

Additionally, the case Cook chiefly relies upon for the proposition that an insidious scheme to demote and humiliate him on the basis of his race is extreme and outrageous involved more egregious conduct than that alleged here. *Wilson,* 939 F.2d 1138, 1144–45 (5th Cir.1991) (holding that an employer's demotion of a vice president and assistant to the president with 30 years experience to a position on the janitorial staff combined with a systematic effort to humiliate and force him to quit was extreme and outrageous). Moreover, Cook does not allege conduct as egregious as that alleged in *Ramirez,* which was held not extreme and outrageous. *Ramirez v. Allright Parking El Paso, Inc.,* 970 F.2d 1372, 1375–77 (5th Cir.1992) (holding that an employer's conduct in demoting, out of discrimination, a salaried worker to an hourly wage parking attendant, requiring him to take instructions from employees he had previously supervised, requiring him to work longer hours and more weekends than co-workers, and ultimately terminating him was not extreme and outrageous).

The conduct of which Cook complains is not extreme and outrageous. Thus, Fidelity's motion to dismiss this claim is granted.

### Motion for Summary Judgment

■ Fidelity moves for summary judgment on claim for negligent supervision under state law. Summary judgment should be entered only where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Cook alleges that Fidelity's senior-most management failed to exercise reasonable care to prevent Ulichnie from engaging in discriminatory practices. Cook seeks recovery of his pecuniary damages resulting from the negligent supervision of Ulichnie.

■ Fidelity contends that Cook's negligent supervision claim is barred by the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA). The TWCA provides that recovery of workers' compensation benefits is the exclusive remedy against an employer for an employee covered by workers' compensation insurance for a work-related injury. TEX.LAB.CODE ANN. § 408.001(a) (Vernon Supp.1995). Unless the employee waives coverage under the TWCA, the employee waives his right of action to recover for personal injuries sustained in the course and scope of the employment. *Id.* § 406.034. The TWCA bars actions by employees against employers for negligence and gross negligence. *Rodriguez v. Naylor Industries, Inc.,* 763 S.W.2d 411, 412 (Tex. 1989). Fidelity presents uncontroverted evidence that it was a participating employer under the TWCA and that Cook did not decline workers' compensation coverage. Thus, Fidelity contends that Cook's claim is barred by the TWCA.

In response, Cook contends that the TWCA applies only to claims involving bodily injury and seeks to distinguish his claim for pecuniary damages. He also contends that the TWCA applies only to work-related injuries and contends that it does not bar his claim unless Fidelity "asserts that employment discrimination is a necessary part of

being employed at" Fidelity. Also, Cook seeks to draw an exception for claims of negligent supervision in the context of employment discrimination.

The TWCA bars Cook's claim. The TWCA provides the exclusive remedy for employees injured in the course and scope of their work. *Ajaz v. Continental Airlines,* 156 F.R.D. 145; 148–50 (S.D.Tex.1994) (ruling that the TWCA barred an employee's claim that his employer negligently supervised his co-workers and supervisors so that he would not be subjected to discriminatory treatment and harassment). Cook's claims arose in the scope and course of his employment. *Id.* at 149. The proper focus is not on whether discrimination is an essential part of the employer's business, but on whether the employee was injured while pursuing the interests and business of his employer. TEX.LAB. CODE ANN. § 401.011(12) (Vernon Supp.1995). Cook provides no authority for distinguishing claims for bodily injury and pecuniary damages or for claims of negligent supervision in the context of employment discrimination.

■ Additionally, Cook's claim for negligent supervision is preempted by the Texas Commission on Human Rights Act (TCHRA). Cook's allegations supporting this claim are redundant of his claims under the TCHRA and Title VII. The TCHRA provides the exclusive state-law means for redress of employment discrimination and preempts claims for discrimination brought under other state-law theories. *Vincent v. West Texas State Univ.,* 895 S.W.2d 469, 473–74 (Tex.App.—Amarillo 1995, no writ); *Stinnett v. Williamson County Sheriff's Dept.,* 858 S.W.2d 573, 576–77 (Tex.App.—Austin 1993, writ denied); *Bates v. Humana, Inc.,* 63 Fair Empl.Prac.Cas. (BNA) 327, 336, 1993 WL 556416 (W.D.Tex.1993).

In summary, Cook's claim for negligent supervision is barred by the TWCA. Alternatively, it is preempted by the TCHRA. Fidelity's motion for summary judgment on this claim is granted.

It is therefore ORDERED that Defendant's Motion for Partial Dismissal, filed September 18, 1995, is granted. Plaintiff's claim for intentional infliction of emotional distress is dismissed with prejudice.

It is FURTHER ORDERED that Defendant's Alternative Motion for Partial Summary Judgment, filed September 18, 1995, under the same cover as the motion for partial dismissal, is granted. Plaintiff's claim for negligent supervision is dismissed with prejudice.

### INTERLOCUTORY JUDGMENT

This action came before the Court, Honorable Robert B. Maloney, presiding, and the issues having been duly considered and a decision having been rendered:

It is **ORDERED** and **ADJUDGED** that Plaintiff Darnell Cook's claims against Defendant Fidelity Investments for intentional infliction of emotional distress and for negligent supervision are **dismissed with prejudice.**