**James Carl WAKEFIELD, Plaintiff,**

v.

**STATE FARM INSURANCE CO., et al., Defendants.**

No. 3:98–CV–1092–T.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 6, 1999.

William Brandon Baade, Baade & Isham, Tyler, TX, Herbert Isham, Law Office of Herbert Isham, Tyler, TX, for James Carl Wakefield, plaintiff.

George Allen Butler, M. Brenk Johnson, Clark, West, Keller, Butler & Ellis, Dallas, TX, for State Farm Mut. Auto. Ins. Company, Terry L. Vice and Bruce Sutton, defendants.

Courtenay Lee Bass, Law Office of Courtenay L. Bass, Dallas, TX, ADR provider pro se.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

MALONEY, District Judge.

Before the Court is the Motion for Summary Judgment, filed by Defendants State Farm Mutual Automobile Insurance Company, Bruce Sutton, and Terry Vice. After considering the motion, Plaintiff's response, and Defendants' reply, the Court is of the opinion that the motion should be granted.

This is an employment dispute. Plaintiff James Carl Wakefield brings claims of race discrimination, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 *et seq.;* and the Texas Commission on Human Rights Act, Texas Labor Code § 21.051, in connection with various aspects of his employment with State Farm. Wakefield also alleges civil conspiracy, conspiracy in violation of 42 U.S.C. § 1985, and intentional infliction of emotion distress. Specifically, Wakefield claims that Defendants Sutton and Vice instructed his supervisor, Barton Ord, to change the positive recommendation of Wakefield for the position of Structural

Estimator to a negative recommendation because of Wakefield's race, African American, which resulted in Wakefield not being considered for the position. Also, Wakefield claims his expense reports were not processed promptly, that his visitation reports were examined more than those of other employees, and that Sutton instructed Ord to not change his performance ratings to reflect improvement during one quarter, all because of his race.

Defendants contend that Wakefield cannot maintain his race discrimination claims because the alleged discrimination did not involve an ultimate employment decision. Also, Defendants assert that Wakefield has produced no evidence that the actions of Vice and Sutton were motivated by race. Defendants contend that the conspiracy claims should be dismissed because a corporation cannot conspire with its own agents. Finally, Defendants assert that Wakefield has not alleged conduct sufficiently extreme and outrageous to support his claim for intentional infliction of emotional distress. Accordingly, Defendants move the Court for summary judgment as to all of Wakefield's claims against them under Federal Rule of Civil Procedure 56(c).

Summary judgment should be entered only where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The movant bears the burden of establishing the propriety of summary judgment. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986).

Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law will identify what facts are material. *Id.* at 248, 106 S.Ct. 2505. A dispute as to a material fact is "genuine" only if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party. *Id.*

### Race Discrimination Claims

Claims of discrimination under Title VII, section 1981, and the Texas Commission on Human Rights Act are analyzed under the same standard. *See LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 448 n. 2 (5th Cir.1996); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991). Therefore, the Court will address all of Wakefield's racial discrimination claims together.

■ The Supreme Court has articulated a procedural model for allocating burdens of evidentiary production and persuasion between the parties when a plaintiff makes claims of discrimination. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A plaintiff must first establish a *prima facie* case of disparate treatment on the basis of race by demonstrating that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) despite his qualification, he suffered an adverse employment decision made by a defendant; and (4) he was replaced by, or received less favorable treatment than, similarly situated non-African Americans. *See Crawford v. Western Electric Company,* Inc., 614 F.2d 1300, 1315 (5th Cir. 1980).

Once the plaintiff constructs a *prima facie* case, a presumption of discrimination arises, which the defendant must refute by articulating a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the defendant then articulates a reason for the employment decision which, if believed, would support a finding that the action was nondiscriminatory, the inference of discrimination raised by the *prima facie* case disappears. *St. Mary's Honor Center,* 509 U.S. at 510–11, 113 S.Ct. 2742; *Grimes v. Tex. Dep't of Mental Health,* 102 F.3d 137, 140 (5th Cir.1996); *LaPierre v. Benson Nissan,*

*Inc.,* 86 F.3d 444, 449 (5th Cir.1996). The inquiry then becomes the ultimate question of whether the defendant intentionally discriminated against the plaintiff. *St. Mary's Honor Center,* 509 U.S. at 510–11, 113 S.Ct. 2742; *Grimes,* 102 F.3d at 140.

■ Because direct evidence of discrimination is rare, a Title VII plaintiff may resort to circumstantial evidence to prove his claims. *LaPierre,* 86 F.3d at 449. A plaintiff may establish circumstantial evidence of defendant's intentional discrimination by demonstrating that the articulated non-discriminatory reason for the employment action was pretext. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817; *Grimes,* 102 F.3d at 140; *LaPierre,* 86 F.3d at 449.

■ A plaintiff must be given an opportunity to show that the employer's stated reason for the discharge is false and that race discrimination was the real reason behind the termination. *See McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817. At this point, the plaintiff bears the ultimate burden of persuasion and can avoid summary judgment consideration only if the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not the actual motivation for the action and (2) creates a reasonable inference that race was a determinative factor in the adverse employment action. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir.1996) (en banc). Simply put, this test is the traditional sufficiency of the evidence standard. *Grimes,* 102 F.3d at 141. The employer will be entitled to summary judgment if the evidence, as a whole, would not permit a factfinder to infer that the true reason for the adverse employment decision was discriminatory. *Id.*

Defendants argue that Wakefield did not suffer the type of adverse employment decision required to state a *prima facia* case of race discrimination. They also contend that they are entitled to summary judgment because Wakefield has not shown

any evidence of discrimination on the basis of his race.

The Court of Appeals for the Fifth Circuit has held that the anti-discrimination statutes were designed to address ultimate employment decision, not every decision made by employers that arguably might have some tangential effect upon ultimate decisions. *See Dollis v. Rubin,* 77 F.3d 777, 781–82 (5th Cir.1995). Ultimate employment decisions include acts such as hiring, granting leave, discharging, promoting, and compensating. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 707 (5th Cir.1997). Where pay and level of responsibility remain the same, the plaintiff has not been subjected to an ultimate employment decision and cannot maintain a claim of discrimination. *See Watts v. Kroger Co.,* 170 F.3d 505, 512 (5th Cir. 1999).

After considering the summary judgment evidence, the Court finds that the actions upon which Wakefield's discrimination claims are based are not ultimate employment decisions. First, Wakefield claims he was not considered for the Structural Estimator position. However, an opportunity to be reviewed for a promotion does not constitute an ultimate employment decision. *See Dollis v. Rubin,* 77 F.3d 777, 781–82 (5th Cir.1995). Moreover, the summary judgment evidence establishes that the position of Structural Estimator was on the same job level as the position which Wakefield held at the time he sought to apply for the new position, with no change in compensation, benefits, or job class. Therefore, even if Wakefield was hired for the position, the change would have been the result of a lateral transfer. The Fifth Circuit has specifically held that claims regarding a lateral transfer cannot rise to the level of a materially adverse employment action. *See Burger v. Central Apartment Management, Inc.,* 168 F.3d 875, 879–80 (5th Cir. 1999).

Next, Wakefield's discrimination claims based upon reimbursement for expense reports, his performance evalua-

tions, and the examination of his visitation reports also fail because these actions are not ultimate employment decisions. Although Wakefield argues that he was not promptly reimbursed for his expense reports, he testified in his deposition that the delay in reimbursement was never more than a week and that he was always fully reimbursed. Therefore, the alleged delay in reimbursement is not an ultimate employment decision. Also, the mere fact that an employee received poor performance reviews cannot support a claim of discrimination. *See Ross v. University of Texas at San Antonio,* 139 F.3d 521, 526–27 (5th Cir.1998). Finally, an employer's monitoring of a employee and criticism of his work does not rise to the level of an ultimate employment decision. *See Messer v. Meno,* 130 F.3d 130 (5th Cir.1997). For these reasons, Wakefield has failed to establish a *prima facia* case of race discrimination, and Defendants should be granted summary judgment on these claims.

### Conspiracy Claims

Wakefield also brings claims against Defendants for civil conspiracy and conspiracy under section 1985 for the same actions upon which his racial discrimination claims are based. However, a corporation or other company cannot conspire with itself no matter how many of its agents participate. *See Elliott v. Tilton,* 89 F.3d 260, 265 (5th Cir.1996); *Fojtik v. First National Bank of Beeville,* 752 S.W.2d 669, 673 (Tex.App.—Corpus Christi 1988), writ denied. Because all of the actions about which Wakefield complains were performed by Vice and Sutton in their duties as managers for State Farm, the claims for conspiracy fail. Therefore, Defendants should receive summary judgment on the claims.

### Intentional Infliction of Emotion Distress Claim

Finally, Defendants contend that they should receive summary judg-

ment on Wakefield's claim for intentional infliction of emotional distress. The elements of the tort are: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by plaintiff was severe. *See Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). An employer's conduct is extreme and outrageous only when it exceeds all possible bounds tolerated by a civilized society and is calculated to cause serious emotional distress. *See Cook v. Fidelity Inv.,* 908 F.Supp. 438, 440 (N.D.Tex.1995) (citing *Grizzle v. Travelers Health Network, Inc.,* 14 F.3d 261, 269 & n. 28 (5th Cir.1994)). Additionally, only in the most unusual cases will conduct occurring in the employment context give rise to an independent claim for intentional infliction of emotional distress. *See Cook,* 908 F.Supp. at 441.

■ Accepting Wakefield's allegations as true, the Court concludes that the actions about which he complains do not constitute extreme and outrageous conduct. He does not allege any behavior by Defendants other than that upon which he bases his racial discrimination claim. Wakefield's claims are based on "mere employment disputes" which cannot support an intentional infliction of emotional distress claim. *See MacArthur v. University of Texas Health Ctr. at Tyler,* 45 F.3d 890, 898 (5th Cir.1995). Therefore, Defendants should be granted summary judgment on this claim.

It is therefore **ORDERED** that the Motion for Summary Judgment, filed by Defendants State Farm Mutual Automobile Insurance Company, Bruce Sutton, and Terry Vice on August 4, 1999, is **granted.** Judgment will be entered accordingly.

### FINAL JUDGMENT

This action came before the Court, Honorable Robert B. Maloney, presiding, and the issues having been duly considered and a decision having been rendered:

It is **ORDERED** and **ADJUDGED** that the claims of Plaintiff James Carl Wakefield against Defendants State Farm Mutual Automobile Insurance Company, Bruce Sutton, and Terry Vice are **dismissed with prejudice.**

It is **FURTHER ORDERED** and **ADJUDGED** that all relief not specifically granted herein is denied.