## Robert A. LOTT, Individually, and Vicki R. Lott Individually Plaintiffs,

v.

## DUTCHMEN MANUFACTURING, INC., Ford Motor Company, and Al Meyer Ford, Inc., Defendants.

### No. CIV.A. 9:05–CV–233.

United States District Court,
E.D. Texas,
Lufkin Division.

March 13, 2006.

Rudy Cano of Vahldiek, Cano and Petroski Houston, TX, Henry N. Didier, Jr., Andrew F. Knopf and C. Richard Newsome of Newsome & Didier, PC Orlando, FL, for Plaintiffs.

C. David Kinder, Richard Laurence Macon and Helen Gamble Moore of Akin Gump Strauss Hauer & Feld, San Antonio, TX, for Defendants Dutchmen Manufacturing.

Brendan Kevin McBride, Grant Terry McFarland & David J. Park of Prichard Hawkins & Young, LLP San Antonio, TX, Christopher F. McCarthy of Bowman & Brooke, Phoenix, AZ, Ford Motor Company.

Grant Terry McFarland and David J. Park of Prichard Hawkings & Young, LLP, San Antonio Preston Worley McGee of Flowers Davis, Tyler, TX, Al Meyer Ford, Inc.

## ORDER ON PLAINTIFF'S MOTION TO REMAND

CLARK, District Judge.

Plaintiffs seek to remand, alleging that Defendant Al Meyer Ford, the only non-diverse Defendant, was negligent in selling the subject truck without a necessary sway control device and that this negligence was a foreseeable and proximate cause of Plaintiffs' injuries. Defendant Ford Motor Company argues that joinder of Al Meyer Ford is improper because the truck was sold with a sway control device and a Texas statute precludes recovery. The court heard the motion and allowed the parties to submit evidence focused on the issue presented. There is no reasonable basis for predicting recovery against Al Meyer Ford in state court. The remaining parties are diverse, the amount in controversy exceeds $75,000, and all properly served Defendants consented to removal. Plaintiffs' Motion to Remand is denied.

### I. Background

Plaintiffs allege that on October 29, 2003 Mr. Lott was driving a 2003 Ford F-250 with his wife as a passenger and towing a 31' 2001 Dutchmen trailer in Wyoming. Allegedly, the vehicle and the trailer began to sway back and forth causing Mr. Lott to lose control of the truck and the truck to ultimately roll over. The suit is for the resulting damages to Mr. and Mrs. Lott. Defendant Ford Motor Company ("Ford") removed in a timely manner and Defendants Thor Industries and Dutchmen Manufacturing properly consented to the removal.[1] The seller of the Ford, Defendant

---

1. Defendant Al Meyer's consent was not necessary for removal because removal is predi-

Al Meyer Ford ("Al Meyer"), is a non-diverse party and Plaintiffs filed a motion to remand based on the lack of complete diversity.

## II. Law on Removal

### A. Standard of Review for Removal

 This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger,* 437 U.S. 365, 371, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). There is no federal question jurisdiction in this case, so removal is proper if there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). Complete diversity exists if at the time of filing the notice of removal "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). Any doubts are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.* It is undisputed that Plaintiffs are residents of Texas, and Defendant Al Meyer is also a resident of Texas. Defendant Ford has alleged that Al Meyer was improperly joined.[2]

### B. Improper Joinder of Non–Diverse Defendant

 The party alleging improper joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000)("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). To prove improper joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003). All issues of material fact and ambiguities of law are resolved in favor of the non-removing party. *Griggs v. State Farm Lloyds,* 181 F.3d, 694, 699 (5th Cir.1999).

 There is no dispute over the residence of Al Meyer. Therefore, the court considers whether Plaintiffs arguably have a reasonable basis under Texas law to recover against Al Meyer. *See Travis,* 326 F.3d at 647–49. The court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company, Mississippi Dept. of Trans.,* 385 F.3d 568, 573 (5th Cir.2004)(en banc).

 In determining whether the Plaintiffs have a reasonable basis for recovery on at least one claim under state law, the district court is limited to the cause of actions and allegations asserted in the latest petition that was on file in the state court when the case was removed. *Griggs,* 181 F.3d at 700. There must arguably be a reasonable basis for predicting

---

cated upon it being an improper party to the suit. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993)(requiring consent of improperly joined party would be nonsensical because removal is based upon the contention that the party is not a proper party

to the suit). Defendant Thor industries was dismissed by agreement of the parties.

**2.** At the hearing, Plaintiffs stated that the medical costs Mr. Lott is seeking to recover alone exceed $300,000. There is no question that the amount in controversy is met.

that Plaintiffs might be able to establish Defendant Al Meyer's "liability **on the pleaded claims** in state court." *Id.* at 699 (emphasis added). Improper joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendant. *Id.*

 A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Guillory v. PPG Industries, Inc.,* 434 F.3d 303, 309 (5th Cir.2005). Normally, if a plaintiff can survive a Rule 12(b)(6)-type challenge there is no improper joinder. *Id.* The court may also pierce the pleadings and conduct a summary inquiry where the plaintiff has misstated or omitted discrete facts that would determine propriety of joinder. *Id.* "While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood,* 385 F.3d at 573–74. Proceeding beyond this summary process runs the risk of moving the court beyond jurisdiction and into a resolution of the merits. *Id.* at 574. The parties may submit affidavits and deposition transcripts for consideration by the court in a summary inquiry. *Guillory,* 434 F.3d at 311.

### III. Analysis

Plaintiffs allege that Defendant Al Meyer was negligent in selling the subject truck without a necessary sway control device and that the vehicle was incapable of performing under foreseeable operating conditions, like towing a trailer. Plaintiffs also pled that Al Meyer had knowledge that without a sway control device the truck would be unreasonably dangerous and defective. Defendant Ford maintains that any recovery by Plaintiffs against Al Meyer is barred by Tex. Civ. Prac. & Rem.Code § 82.003(a).

### A. Standard under Section 82.003

Under Section 82.003(a), a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant can prove that one of the listed exceptions applies. It is undisputed that Defendant Al Meyer did not manufacture the product at issue. Plaintiffs argue only that they have pled a cause of action against Defendant Al Meyer that falls under the exception listed in Section 82.003(a)(6).

Tex. Civ. Prac. & Rem.Code § 82.003(a)(6) states that a seller may be liable if the claimant proves "the seller actually knew of a defect to the product at the time the seller supplied the product," and that the claimant's harm resulted from the defect. Tex. Civ. Prac. & Rem.Code § 82.003(a)(6)(A)-(B). The Texas Legislature used "knew," not "should have known." Plaintiffs have pled that the truck was defective because it was sold without a sway control device, and that Al Meyer knew of this defect when it sold the car. These facts, if true, might support a finding of liability against Al Meyer under this exception. Defendant Ford, however, argues that the court should look beyond the surface of Plaintiffs' allegations because Plaintiffs' petition misstated a material fact. Defendant Ford contends that the subject truck was sold with a rear stabilizing bar, which is a sway control device.

### B. Piercing the Pleadings

 If the truck was sold with a sway control device, then Plaintiffs would have

failed to allege a defect, and there would be no reasonable basis for predicting any grounds for recovery against Al Meyer in state court. This is a rare case in which it is necessary to pierce the pleadings and conduct a summary inquiry to determine if there are any discrete and undisputed facts that would preclude recovery from the non-diverse Defendant.[3]

At the hearing, neither party produced compelling evidence to support their respective positions. Each party was then given additional time to submit evidence and other documents. In all, Ford submitted an Affidavit from Stuart Saunders, an Invoice, photographs, and an Affidavit from Carl Crain. According to Mr. Saunders, an engineer, the Invoice shows that the truck was sold with a rear stabilizing bar, which works to optimize vehicle steering and handling characteristics, and eliminates the propensity of the truck to sway while towing a trailer. Mr. Saunders also opines that the photographs submitted to the court depict a hitch and load leveling device which was from a separate company, Draw–Tite, and was not sold with the truck. The Affidavit of Mr. Crain, the person who sold the truck, states generally that he was not aware of a defect when he sold the truck.

Evidently, Plaintiffs have no evidence to rebut Mr. Saunders' statements, and have not asked for additional time to obtain evidence. In fact, the Affidavit submitted by Mr. Lott admits that the truck was sold with a rear stabilizing bar. Without any hint that he is qualified to render such an opinion, Mr. Lott states that this rear stabilizing bar is not a "sway control device." Although the Affidavit is not clear, Mr. Lott infers that it is not a sway control device because it attaches to the rear axle of the subject vehicle. This is exactly how

Mr. Saunders describes the bar. Mr. Lott's Affidavit in no way indicates that he has competent evidence to contradict that the rear stabilizing bar, which admittedly was sold with the truck, is not a sway control device or that any other types of devices exist for the truck itself.

Oddly, Mr. Lott goes on to state that he bought a sway control device separately from Draw–Tite. While it is not certain, the parties seems to agree that the Draw–Tite system was in place at the time of the accident. But, it does not matter. If the Draw–Tite system was not in place, there is uncontroverted evidence that the vehicle was sold with an anti-sway device—the rear stabilizing bar. On the other hand, if the Draw–Tite system was in place, Mr. Lott calls it a "sway control device." There is no cause of action against the seller of a vehicle for an alleged failure to install a device, which was installed prior to the accident by the buyer.

■■■■ The evidence before the court reveals that the truck was sold with a rear stabilizing bar—a sway control device. Since the only defect alleged was the failure to sell the truck with a sway control device, and the vehicle was sold with such a device, then there is no defect of which Al Meyer could have had actual knowledge within the meaning of Section 83.003(a)(6). No reasonable basis exists to predict that Plaintiffs will recover against Al Meyer, and so the court concludes that Al Meyer was improperly joined. There is complete diversity among the remaining parties, and all other requirements for removal are met. A Scheduling Order, which will control the disposition of this action, will be issued.

---

**3.** Originally, Defendant Ford also suggested that Plaintiffs failed to plead a cause of action which would survive a Rule 12(b)(6) inquiry.

At the hearing, however, Defendant Ford stated that its argument was really an argument to pierce pleadings because of misstated facts.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. # 12] is **DENIED.**

IT IS FURTHER ORDERED that Defendant Al Meyer Ford be **DISMISSED** from this law suit, as no viable claims remain against it. *See Griggs,* 181 F.3d at 698. The court determines there is no just reason for delay in the disposition of claims against Defendant Al Meyer Ford, Inc. and will enter final judgment by separate order.