**Barbara TOVAR, Plaintiff,**

v.

**KAPLAN HIGHER EDUCATION CORP. d/b/a Career Centers of Texas/El Paso and Cecilia Moreno, Defendants.**

**No. EP–06–CA–00387–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

Jan. 3, 2007.

John A. Wenke, Attorney at Law, El Paso, TX, for Plaintiff.

Adam D. Boland, Edmund Burke Huber, Jr., Virginia C. Honeyman, Ogletree, Deakins, Nash, Smoak & Stewart, PC, San Antonio, TX, for Defendants.

## ORDER

CARDONE, District Judge.

On this day, the Court considered Plaintiff's Motion to Remand ("Motion"). For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff Barbara Tovar ("Plaintiff") is a resident of the State of Texas. Pl.'s Mot. to Remand 1 ("Pl.'s Mot."); Def.'s Resp. to Pl.'s Mot. to Remand 1 ("Def.'s Resp."). On September 7, 2006, she sued Defendant Kaplan Higher Education Corp. d/b/a Career Centers of Texas/El Paso ("Kaplan"), a wholly owned subsidiary of Kaplan, Inc., which is incorporated in the State of Delaware and has its principal place of business in the State of Illinois, and Defendant Cecilia Moreno ("Moreno"), a resident of the State of Texas. Pl.'s Original Pet. ¶¶ 12–14, 16–18.

In her petition, Plaintiff alleges that Defendant Kaplan hired her on July 25, 2005. *Id.* ¶ 6. Specifically, Plaintiff alleges that on July 25, 2005, Defendant Kaplan, through its Director of Administration, Defendant Moreno, offered her the position of Internet Sales Coordinator. *Id.* In this position, she would receive the same salary as an that of an Admissions Representative, which was approximately $30,000.00 per year. *Id.* Based upon these representations, Plaintiff accepted the offer of employment. *Id.*

After Defendant Kaplan offered her employment and she accepted, Plaintiff alleges that Defendant Moreno advised her that the position of Internet Sales Coordinator was not ready to be filled. *Id.* ¶ 7. In the interim, Defendant Moreno advised Plaintiff that she would work as a night receptionist for two weeks at a salary of $9.00 per hour. *Id.* However, two weeks later, Defendants Kaplan and Moreno hired a man named Joel Palomino, age 24, as an Internet Sales Representative for a salary of $35,000.00 per year. *Id.* ¶ 8.

For three months, Defendants Kaplan and Moreno never placed Plaintiff in the position for which they had hired her. *Id.* ¶ 9. Defendant Moreno allegedly told her that "most people your age don't even have a job." *Id.* She was then 54 years old. Pl.'s Mot. 2. In addition, Defendant Moreno allegedly advised Plaintiff ninety (90) days prior to her evaluation that Plaintiff would not receive an evaluation unless she remained a receptionist. Pl.'s Original Pet. ¶ 9.

On October 25, 2005, Plaintiff alleges that she "was forced to resign" because Defendant Moreno refused to allow her to work in the position for which she had originally been hired. *Id.* ¶ 10. Nonetheless, shortly after Plaintiff's resignation, a human resources official for Defendant Kaplan, Nikki Hester, contacted Plaintiff. *Id.* ¶ 11. Hester admitted that Defendant Kaplan had underpaid Plaintiff, and offered to pay her an additional $3.00 per hour for the days she had worked. *Id.* The condition for receipt of this extra mon-

ey was that Plaintiff sign a release absolving Defendants of all legal liability. *Id.* Instead of signing said release, Plaintiff filed suit in state court. *Id.* She sued Defendant Kaplan for age discrimination and negligent misrepresentation and Defendant Moreno for negligent misrepresentation. *Id.* ¶¶ 12–18.

On October 31, 2006, Defendant Kaplan removed the suit to federal court, claiming that Plaintiff had improperly joined Defendant Moreno, and that diversity jurisdiction existed between Plaintiff and the only properly joined defendant—Defendant Kaplan. Pl.'s Mot. 2; Def.'s Resp. 2. Pending before this Court is Plaintiff's Motion to Remand.

At all times, Defendant Kaplan maintained workers' compensation insurance and was an employer as defined by the Texas Workers' Compensation Act (TWCA). Def.'s Resp. 1.

## II. DISCUSSION

### A. Standard

■■■ A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court. 28 U.S.C. § 1441(a) (2006). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*,

128 F.3d 919, 921–22 (5th Cir.1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996).

■■■ A motion to remand may be resolved in one of two ways. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004). First, and most common, the court may analyze a motion to remand under a standard similar to that used to review motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.; see Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).") That is, the motion is analyzed with reference to well-pleaded allegations in the complaint to determine whether or not the plaintiff has stated a claim, and read leniently in favor of remand. *Smallwood*, 385 F.3d at 573; *Boone*, 416 F.3d at 388. Alternatively, in those few cases where the plaintiff has stated a claim but misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, conduct a summary inquiry.[1] *Smallwood*, 385 F.3d at 573. In such cases, the district court may also allow limited remand-related discovery. *Id.; Boone*, 416 F.3d at 388.

### B. Improper Joinder

Plaintiff argues that although Defendant Kaplan removed the instant case to federal court based on its claim that the Court possesses diversity jurisdiction, complete diversity does not, in fact, exist. Pl.'s Mot. 4. Specifically, Plaintiff asserts that she is

---

1. In fact, although the decision of which analysis to use lies within the sound discretion of the court, a summary analysis has been held appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery. *Lott v. Dutchmen Mfg.*, 422 F.Supp.2d 750, 754 (E.D.Tex.2006) (citing *Smallwood*, 385 F.3d at 573–74).

a citizen of Texas, as is one of the properly joined defendants, and thus diversity jurisdiction does not exist. *Id.* Plaintiff argues that exclusive remedy provisions of the TWCA are inapplicable to the instant suit because Plaintiff is not suing for an "injury" as defined under the TWCA. *Id.* at 5–8. Alternatively, if the exclusivity provisions of the TWCA apply to the instant case, then Plaintiff argues that the case is nonremovable under Title 28 U.S.C. § 1445(c). *Id.* at 8–9.

Defendant Kaplan responds by claiming that Plaintiff's claims against Defendant Moreno are barred by the exclusive remedy provisions of the TWCA, and thus Defendant Moreno is improperly joined in this lawsuit. Def.'s Resp. 1. Defendant Kaplan argues that diversity jurisdiction exists in this case between the remaining parties—Plaintiff, a citizen of Texas, and Defendant Kaplan, a corporation incorporated in Delaware and with its principal place of business in Illinois. *Id.* In addition, Defendant Kaplan argues that § 1445(c) does not apply to the instant case because Plaintiff has asserted no claims under the TWCA. *Id.* at 5–6.

■■■ To establish improper joinder, formerly known as fraudulent joinder, the burden is on the removing party to prove either: (1) actual fraud in the pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff could establish a cause of action against the in-state defendant in state court. *Boone v. Citigroup, Inc.,* 416 F.3d 382, 389 (5th Cir. 2005); *Hart v. Bayer Corp.,* 199 F.3d 239, 246–247 (5th Cir.2000); *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997); *see also Smallwood,* 385 F.3d at 571 n. 1 (noting change in name from "fraudulent joinder" to "improper joinder"); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981) (noting that the burden of proving fraudulent joinder is on the removing party). Under the second method of prov-

ing improper joinder, the defendant must demonstrate that there is no reasonable basis for a district court to predict that the plaintiff might recover. *Smallwood,* 385 F.3d at 573 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder.") "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.,* 663 F.2d at 549. The task of the court is not to determine whether the plaintiff will actually or probably prevail on the merits of the claim. *Rodriguez,* 120 F.3d at 591. Rather, the court looks only for a possibility that the plaintiff may prevail. *Id.*

■■ In the *instant case,* the issue of improper joinder rests upon whether or not Plaintiff is bringing suit for a work-related "injury" as defined under the TWCA. The Texas Labor Code provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer *for the death of or a work-related injury* sustained by the employee." TEX. LAB.CODE ANN. § 408.001(a) (Vernon 2006) (emphasis added). For purposes of this statute, an "injury" is defined as "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LAB.CODE ANN. § 401.011(26). An injury includes occupational disease. *Id.*

While some courts have expanded the definition of "injury" to include *emotional* injuries, several courts have rejected the idea that the term "injury" includes *pecuniary* injuries. *See Porch v. Dillard's Inc.,* 2004 WL 1809813, at *9 n. 20 (N.D.Tex. Aug. 12, 2004) (unpublished) (holding plaintiff's negligent misrepresentation claim was not barred by the

TWCA); *Hardy v. Dayton Hudson Corp.,* 1999 WL 324659, at *6 (N.D.Tex. May 17, 1999) (unpublished) (holding plaintiff's negligent misrepresentation claim was not barred by the TWCA); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 925 (Tex.App. 1993) (holding that plaintiff's claims for mental anguish and intentional infliction of emotional distress were work related injuries, and thus that plaintiff's exclusive remedy was the TWCA). For example, in *Hardy,* the court held that the plaintiff's claim for negligent misrepresentation—the very cause of action at issue in the instant case—was not barred by the TWCA because the plaintiff was not seeking compensation for work-related physical injury, and because the negligent misrepresentation claim bore no resemblance to a workers' compensation claim. *Hardy,* 1999 WL 324659, at *6. Similarly, in *Porch,* the court held that the plaintiff's claim for negligent misrepresentation was not a compensable "injury" as defined under the TWCA, and thus the plaintiff's claim was not barred by the TWCA. *Porch,* 2004 WL 1809813, at *9 n. 20. These cases are consistent with the plain language of the TWCA, which provides the exclusive remedy for work-related injuries—meaning damage or harm to the physical structure of the body. See TEX. LAB.CODE ANN. §§ 401.011(26), 408.001(a).

This Court notes the existence of, and Defendant Kaplan relies upon, several cases in support of the proposition that the TWCA precludes Plaintiff's suit for negligent misrepresentation. For example, in *Cook v. Fidelity Invs.,* 908 F.Supp. 438 (N.D.Tex.1995), the court held that the TWCA's exclusive remedy provisions barred the plaintiff's claims for negligent misrepresentation because his claim arose in the scope and course of his employment. *Cook,* 908 F.Supp. at 442. The court noted that the plaintiff provided no authority for distinguishing his claims for bodily injury from his claims for pecuniary injury. *Id.*

In *Hair v. Pillsbury Co.,* 2002 WL 1494922, 2002 Tex.App. LEXIS 5011 (Tex. App. July 15, 2002) (unpublished), the court held that the TWCA provided the exclusive remedy for the plaintiff's negligent misrepresentation claim because the plaintiff had already sought and been denied workers' compensation benefits. *Id.* at 2002 WL 1494922, *7, 2002 Tex.App. LEXIS 5011, *20. Finally, in *McAlister v. Medina Elec. Coop., Inc.,* 830 S.W.2d 659 (Tex.App.1992), the appeals court held that the trial court did not err in finding that the plaintiff's claim for negligent or reckless infliction of emotional distress was barred by the exclusivity provisions of the TWCA, because the injuries were received in the course of plaintiff's employment. *McAlister,* 830 S.W.2d at 662–63.

The instant case is more analogous to those cases wherein courts have held that the TWCA does not bar a claim for negligent misrepresentation. Like the plaintiff *Hardy* and unlike the plaintiff in *Cook,* Plaintiff in this case has made an effort to clarify that she is not suing for an "injury" as defined by the statute. Like the plaintiff in *Hardy,* Plaintiff's claim is not analogous to the typical workers' compensation claim which seeks damages for physical injury. Finally, unlike the plaintiff in *Hair,* there is no evidence that Plaintiff ever attempted to procure workers' compensation benefits.

In addition to finding the instant case more analogous to cases favorable to Plaintiff's position, this Court finds fault with the reasoning of *Cook, Hair, McAlister,* and other cases cited by Defendant Kaplan. None of these cases address the fact that the TWCA is the exclusive remedy for work-related "injuries" by specifically including an analysis of the distinction between physical and pecuniary injuries. Instead, these cases merely focus on whether or not the injury oc-

curred within the scope and course of employment. The plain meaning of the statute makes clear that this analysis, alone, is insufficient.

Furthermore, the standard for reviewing a motion to remand requires the court to view the statutes in a light most favorable to remand. Viewing the statutes in a light most favorable to remand, this Court finds that the TWCA does not bar Plaintiff's claim against Defendant Moreno for negligent misrepresentation. As such, she was not improperly joined and diversity jurisdiction is destroyed. Thus, the case should be remanded to state court.

Because this Court finds that remand is appropriate, it is not necessary to address Plaintiff's remaining argument under § 1445(c).

### C. Attorney's Fees

Plaintiff requests that this Court award attorney's fees in connection with her motion to remand. Pl.'s Mot. 9–10. Defendant Kaplan responds in one sentence by stating that, "[e]ven if this Court were to decide to remand based on Plaintiff's arguments, the issue is far from settled and therefore an award of attorneys' fees for the remand would not be justified in this case." Def.'s Resp. 7.

Title 28 U.S.C. § 1447(c) provides that: "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006) (emphasis added). As clear from the language of the statute, "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). Instead, the court looks to the objective merits of the defendant's case at the time of removal. *Id.* In other words, regardless of whether the removal was made in subjective good faith, the court may still deny attorney's fees if "the defen-

dant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 292–93.

In the instant case, this Court agrees with Defendant Kaplan that the issue of whether the TWCA bars a claim for negligent misrepresentation is somewhat unsettled. As noted in section II.B to this Court's opinion, there are cases that, at least superficially, appear to decide the issue in both the negative and the affirmative. Therefore, this Court finds that Defendant Kaplan may have had an objectively reasonable grounds to believe that removal was legally proper and an award of attorney's fees would be inappropriate in this case.

### III. CONCLUSION

Plaintiff's Motion (Doc. No. 6) is **GRANTED** in part as to the issue of remand and **DENIED** in part as to the issue of attorney's fees. The case is hereby **REMANDED** to state court.

The clerk shall close the case.

**SO ORDERED.**